JAMES V. SHORT, JR., Petitioner
v.
BARBARA SHORT, Respondent

No. A-8723. Decided March 7, 1962
354 S.W. 2d 933

288

*Perkins, Floyd, Davis & Oden, Lawrence H. Warburton, Jr.,* with above firm, Alice, for petitioner.

*Lloyd, Lloyd & Dean, Parker Ellzey* with above firm, Alice, for respondent.

ASSOCIATE JUSTICE HAMILTON delivered the opinion of the Court.

James V. Short, Jr., brought habeas corpus proceedings in Jim Wells County, Texas, on November 16, 1960, to obtain possession of his two children, James E. and Sherrie Lynn Short, aged three years and two years respectively. The children's

mother, Barbara Short, answered this petition on November 18, 1960, and also filed a cross action for custody of the children. The District Court of Jim Wells County, after a hearing, ordered care and custody of the children to the mother with one month of visitation each year to the father. The San Antonio Court of Civil Appeals, Chief Justice Murray writing the majority opinion and Justice Barrow dissenting, affirmed the trial court. (350 S.W. 2d 397.) It is the opinion of this court that the judgment of the trial court and Court of Civil Appeals should be reversed and custody of the children awarded to their father, James V. Short, Jr.

James and Barbara Short were married in New Mexico in 1956. One year afterward their son was born. On September 6, 1958, their daughter was born. Two weeks later the couple separated and have not lived together since that time. In June of 1959 a divorce was granted the wife and she was awarded custody of the children. Thereafter, James Short, the father, instituted proceedings to have the custody of the children changed. On June 22, 1960, hearing was had in Lea County, New Mexico, and an "Order Modifying Judgment" was issued by the court which stated that the father requested custody because of the mother's conduct and "that it would be to the best interest of the children that the custody be taken from the mother, plaintiff, and given to their father, defendant". This order was not filed until August 30, 1960, but this unexplained fact has no bearing in this suit.

Immediately after the hearing and before the order was filed, (but with knowledge of the court's decision) the mother took the children from the home of neighbors where they had been staying, and with one W. E. "Cotton" Wood (a married man with four children) left New Mexico, traveling over several states, and finally settling in Alice, Texas, in the home of respondent's aunt.

Respondent lived in Alice about three months prior to this trial, solely dependent upon her aunt and uncle.

Subsequent to the mother's departure, petitioner moved from New Mexico to Lincoln, Nebraska. This was a transfer for a better position.

■ Petitioner's first point of error questions the Texas court's jurisdiction to award custody of the children in the face of the valid New Mexico decree, or alternatively whether there was an

abuse of discretion by the trial court in taking jurisdiction. We believe under the facts of this case jurisdiction to award custody was in the trial court.

However, in so holding, we also agree with the language in Wicks v. Cox, 146 Texas 489, 208 S.W. 2d 876, which says:

"The foregoing (decision that a Texas court had jurisdiction) does not, of course, mean that our courts should take jurisdiction to award custody in every case where the child and the parties contending for its possession happen to be here before the court. * * * We certainly do not imply that our courts should be accessories after the fact to disorderly practices of individual parents or others who thus seek to avoid the normal processes of justice by ex parte determination or what they happen to consider a more propitious forum."

In the case at bar, however, petitioner invoked the jurisdiction of the Texas court by bringing the habeas corpus proceeding in Jim Wells County. He cannot now be heard to complain of the taking of such jurisdiction. Knollhoff v. Norris, 152 Texas 231, 256 S.W. 2d 79.

Petitioner's second and third points of error complain of the majority opinion of the Court of Civil Appeals which holds: 1) that there was such a material change of conditions that the valid custody award of the New Mexico court should be changed; 2) the burden of proof was upon the petitioner to prove the mother was positively unfit to care for the children. These points will be discussed in reverse order.

■ The New Mexico court found "that it would be to the best interest of the children that custody be taken from the mother, plaintiff, and given to their father, defendant." This decree has not been attacked by respondent. The reasoning of the dissent in the court below (350 S.W. 2d 397, 402) is sound on this question. While agreeing with the majority that ordinarily there should be a positive showing that the mother is unfit to keep her children, Judge Barrow goes on to say:

"But when a court of competent jurisdiction, in a proceeding in which the mother was present and represented by counsel in a full and fair hearing, has found and rendered judgment that she has so conducted or misconducted herself as to positively disqualify herself to have such custody, the judgment is res judicata and extinguishes her right and privilege. The

burden of proof is on her in a subsequent proceeding to show material changes that require, in the interest of the children, that their custody be changed."

See 20 Texas Jur. 2d 691, Divorce and Separation, Sec. 370, and cases cited, n. 17.

We are also of the opinion that the mother, Barbara Short, failed to prove that conditions have so materially changed since the New Mexico order that it would be for the best interests of the children to require a change of custody back to her.

It is this court's belief that the father's move from New Mexico to Nebraska for a better job is *not* a material change warranting the overturning of a valid decree of a sister state. Nor is the fact that the paternal grandmother will be required to move temporarily to Nebraska to care for the children and possibly hire a nursemaid for their care such a change.

■ A showing of only slight change of conditions is not sufficient grounds to change custody of children. Frequent custody hearings are discouraged and not encouraged. It is our opinion that the trial court abused its discretion in taking custody of the children from their father and awarding it to their mother. Leonard v. Leonard, 218 S.W. 2d 296 (Texas Civ. App., no writ hist.).

It is the order of this court that the judgments of the Court of Civil Appeals and trial court be reversed and the custody of the children awarded to their father, James E. Short, Jr. It is also our opinion that the past acts of respondent in disregarding valid court orders places this case in an exceptional category. Under the authority of Rule 515, Texas Rules of Civil Procedure, we deny respondent the right to file a motion for rehearing in this cause. We further direct the district judge of Jim Wells County, Texas, to issue a warrant, as authorized by Art. 129, Texas Code of Criminal Procedure, to the sheriff of Jim Wells County, Texas, to take and bring said children, James E. Short and Sherrie Lynn Short, before said district judge *without delay,* to be dealt with according to this opinion.

Opinion delivered March 7, 1962.