John Fleetwood OGLETREE, Petitioner,

v.

Margie Bolding CRATES et vir, Respondents.

No. A–9222.

Supreme Court of Texas.

Jan. 9, 1963.

Lola L. Bonner, Rockport, Young, Young & Daggett, Houston, for petitioner.

John Flinn, Sinton, Robert J. Pickens, Beeville, Reese D. Wade, Beeville, Ellis Clark, Rockport, Fischer, Wood, Burney & Nesbitt, Corpus Christi, Tracy N. DuBose, Corpus Christi, for respondents.

CALVERT, Justice.

By petition for writ of habeas corpus, petitioner, John Fleetwood Ogletree, put in issue the custody of John Fleetwood Ogletree, Jr., young son of petitioner and respondent, Margie Bolding Crates. He alleged that he was entitled to custody under and by virtue of a judgment of an Alabama court. By way of answer and cross-action Mr. and Mrs. Crates sought to set aside the judgment of the Alabama court and sought a judgment awarding custody of the minor to them. Petitioner answered by appropriate pleas of res judicata.

The trial court awarded custody of the child to respondents, with a right of reasonable visitation given petitioner. The Court of Civil Appeals affirmed. 359 S.W.2d 54. We reverse the judgments of the Court of Civil Appeals and trial court and here render judgment awarding custody of John Fleetwood Ogletree, Jr., to John Fleetwood Ogletree and respondent, Mrs. Margie Crates, according to the terms of a judgment rendered and entered by the Circuit Court, Tenth Judicial Circuit of Alabama, August 13, 1957, in Cause Number 107–597, styled John Fleetwood Ogletree v. Margie B. Ogletree.

John Fleetwood Ogletree and Margie Bolding, now Mrs. Crates, were married in 1953. John Fleetwood Ogletree, Jr. was born to the marriage in 1955. The family resided in Birmingham, Alabama. The parents were divorced August 17, 1956 by judgment of the Circuit Court, Tenth Judicial Circuit of Alabama, which judgment, pursuant to an agreement between the parties, awarded general custody of the minor child to Mrs. Ogletree. The parties remarried December 29, 1956. They were again divorced by judgment of the Circuit Court, Tenth Judicial Circuit, August 13, 1957. The judgment of the court ratified and approved an agreement of the parties filed in the cause, and made the agreement a part of the judgment.

The agreement provides, among other things, that Margie Ogletree shall have custody of the child for a period of two weeks from the date of the judgment and that John Ogletree shall thereafter have "the sole care, custody and control" of the child, except during the period from June 15 to August 15 of each year when custody shall be in Mrs. Ogletree. The agreement provides for a right of visitation by each party when the other has custody "but only upon approval and with the consent of the party who then has such custody." Finally, the agreement recites: "The said respondent, Margie B. Ogletree, affirms and acknowledges that, based on her own decision, and after having consulted and obtained competent legal advice from solicitor of her own choice, the custody arrangement as set forth herein, is to the best interest of the said minor child, John Fleetwood Ogletree, Jr."

On April 1, 1958 Ogletree was transferred to Oklahoma City, Oklahoma, by his employer, The Underwood Corporation. On May 4, 1958 he married Floy Barton. The child was removed from Birmingham to the home of its father in Oklahoma City. On August 5, 1958 Margie Ogletree, then having the minor child in her custody under the provisions of the judgment described above, filed her petition in Cause Number 107–597, in the court which rendered the original divorce and custody decree, seeking a modification of that decree. Ogletree answered and filed a cross-action by which he also sought a modification of the decree. Upon consideration of the pleadings and the evidence, the court, on September 12, 1958, dismissed the petition

and the cross-petition with the following finding:

> "The Court is convinced that at the time of the second divorce between the parties, they better than others, knowing all that was involved and all that had gone before, could more equitably discern and determine what would be for the best interest and welfare of their minor child, and that their agreement, requested by them to be honored by the Court and made a provision of the final decree herein, was sound, wholesome and wise. The Court is convinced that the plan and schedule agreed upon by the parents for the said child is for its best interest and welfare and should not be disturbed."

Following entry of the foregoing judgment, the minor was returned to the custody of Ogletree. On December 13, 1958 Margie Ogletree married Ernest Warder Crates. On November 1, 1959 Ogletree's employer transferred him to Houston, Texas. In the summer of 1960 Mrs. Crates and her husband filed suit against Ogletree in a Domestic Relations Court of Harris County, Texas, seeking a change of custody of the minor child because of changed conditions. The trial resulted in a judgment, dated July 15, 1960, denying the relief sought.

On June 15, 1961 Mrs. Crates obtained possession and custody of the child for a two-month period in accordance with the terms of the 1957 Alabama judgment. She took the child to Aransas County, Texas, where she rented a house. At the end of her legal custody period she refused to return the child to its father. This suit followed.

By her pleadings and by evidence offered at the trial of this case Mrs. Crates sought to obtain sole and exclusive legal custody of the minor child on two theories: 1. She sought to set aside the 1957 Alabama judgment on the ground that her consent to the agreement on which it was based was procured by duress and fraud, and to obtain custody by proving that the best interests of the child would be served by award of its custody to her. 2. She sought to prove changed conditions as a basis for awarding custody to her. Since no formal findings of fact or conclusions of law were filed by the trial judge, the judgment must be affirmed if it can be sustained on either theory. It is our opinion, however, that it cannot be sustained on either theory. We will deal first with the theory of changed conditions.

A final judgment in a custody proceeding is res judicata of the best interests of a minor child as to conditions then existing. Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946, 75 S.W. 368, 97 Am.St.Rep. 928; Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787. The judgment of the Domestic Relations Court of Harris County was thus res judicata of the best interests of the child as to conditions existing on July 15, 1960. To authorize a change of custody there must have been a material change of conditions since that date. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787; Short v. Short, Tex.Sup., 354 S.W.2d 933; Mumma v. Aguirre, Tex.Sup., 364 S.W.2d 220.

Respondents enumerate in their brief some twelve "conditions," finding support in the evidence, which they contend justify the change of custody. There is no need to repeat them here. Examination of the evidence adduced on the trial establishes that some of the same conditions existed before July 15, 1960 and fails to establish that the other conditions did not exist before that date. Respondents did not discharge their burden of proving changed conditions so as to avoid the bar of res judicata of the Harris County Domestic Relations Court judgment.

The doctrine of res judicata also bars the effort of respondents to set aside the 1957 judgment of the Alabama Circuit Court on grounds of duress and fraud. For the purposes of this opinion we will assume that the Alabama judgment may be

attacked on the grounds indicated in this collateral proceeding.

The duress and fraud alleged by respondents and which they undertook to prove on this trial were based upon false representations made to Mrs. Crates by petitioner and coercive inflictions upon her, by virtue of which petitioner procured her signature to the agreement of custody made the basis of the 1957 Alabama judgment. The allegations and the evidence may be summarized as follows: That Mrs. Crates, then Mrs. Ogletree, returned to Birmingham from a visit to New York in August, 1957 in response to an urgent message that her mother was critically ill; that petitioner insisted on talking to her about a divorce and the custody of their child while she was at the hospital in Birmingham and in an emotional condition, and even threatened to enter her mother's hospital room and discuss the matter with the mother; that she was anxious to see their child but petitioner refused to let her see the child unless she would agree to a divorce and would sign an agreement that he could have custody of the child; that when she demurred, petitioner stated that his custody would be only temporary and promised that she could have the child with her at any time she wanted him and that he would not take him away from Birmingham, where they both lived; that petitioner induced her sister to assure her that petitioner would keep his promises; that petitioner repeated the promises in a prayer and also with his hand on her family bible; that she went to the office of petitioner's lawyer where the agreement had been drawn and where it was discussed; that the lawyer advised her that if she did not sign he would have to implicate others and paint the "blackest picture" possible of her. She admitted that she did not sign at the time, but went to the office of a lawyer of her own choice for advice; that on the following day she went with her lawyer to the office of her husband's lawyer for further discussion of the agreement, at which time her lawyer read the agreement and had it amended to include the provision for her immediate custody of the child for two weeks, whereupon she signed. She testified that she was so emotionally upset at the time that she had no idea what she was signing and relied implicitly on the promises made to her by petitioner.

The summarized evidence paints an unpretty picture; but the difficulty with Mrs. Crates' position is that prior to this proceeding she has twice filed proceedings seeking to relieve herself of the binding effect of the 1957 judgment, once in the very court which rendered it and later in the Domestic Relations Court of Harris County. Her testimony shows that all of the false promises, if any, were known to her to have been false and that she knew she was a victim of duress, if any, before she filed the proceeding in the Circuit Court for the Tenth Judicial Circuit in Birmingham in 1958. She could have litigated the issues of duress and fraud in that proceeding. She did not. Neither did she urge or litigate them in the suit in Harris County in 1960 when she also knew that she might do so.

■ No proof of the Alabama law of res judicata was introduced on the trial, nor was the Court requested to take judicial notice of that law as permitted by Rule 184a, Texas Rules of Civil Procedure. The Alabama law, therefore, is presumed to be the same as the law in this state. Ferguson-McKinney Dry Goods Co. v. Garrett, Tex.Com.App., 252 S.W. 738, 742; Milner v. Schaefer, Tex.Civ.App., 211 S. W.2d 600, 603, writ refused.

■ The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those which were actually tried. Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 99, 47 Am.St.Rep. 79. In this connection, we are not unmindful of the limitation on the rule of res judicata applied in Moore v. Snowball, 98 Tex. 16, 81 S.W. 5, 66 L.R.A. 745. In that

case the rule of res judicata was held not to bar a second suit based on a technically different cause of action.

There may be a technical distinction between a suit to obtain custody and possession of a minor child through modification of a final judgment and a suit to obtain custody and possession of the child by setting aside a final judgment, but the broad cause of action and the relief sought in both suits are the same. The suit in each instance tests the rights of the parties to custody of the child and the only pertinent inquiry is the best interests of the child. As a matter of public policy there should be a high degree of stability in the home and surroundings of a young child, and, in the absence of materially changed conditions, the disturbing influence of constant re-litigation should be discouraged. Once a final judgment of custody is rendered, a subsequent suit to modify or to avoid the judgment should be res judicata of all causes of action which, with diligence, could have been asserted in the suit as a basis for obtaining custody and possession of the child.

The wisdom of the rule can be no better illustrated than by the history of the struggle for this child's custody. On two occasions, in Birmingham in 1958 and in Houston in 1960, Mrs. Ogletree has affirmed the validity of the 1957 judgment of the Alabama court and sought its modification. Now, in a third suit, she seeks to assert the invalidity of the judgment on the basis of facts fully known to her when the two prior suits were filed and tried. There should be an end to litigation of this type. We hold that respondents' effort to set aside the 1957 judgment of the Alabama Circuit Court on the ground that Mrs. Crates' signature to the agreement made the basis of that judgment was procured by duress and fraud is barred by the rule of res judicata.

In reaching the conclusion set forth above we have considered only the record made on the main trial of this case. The pleadings filed and the evidence introduced in the trial of the case in Alabama in 1958 were not introduced on the main trial of this case. They were offered in evidence at the hearing on the motion for new trial in this case, but the trial judge refused to admit them. They were included in a bill of exceptions. They establish the wisdom of the rule of res judicata as we have applied it. They disclose that all of the evidence now asserted to establish duress and fraud in procuring Mrs. Crates signature to the 1957 agreement was introduced and was before the Alabama Court in 1958 and must have been considered by that court before rendering its 1958 judgment. Moreover, Mrs. Crates testified on the trial of this case that she had informed her attorneys in both of the former proceedings of the facts which in her opinion constituted fraud and duress in obtaining her signature to the 1957 agreement.

The judgments of the Court of Civil Appeals and the trial court are reversed and judgment is here rendered awarding custody of John Fleetwood Ogletree, Jr. to petitioner, John Fleetwood Ogletree, and respondent, Mrs. Margie Crates, according to the terms of the judgment of the Circuit Court, Tenth Judicial Circuit of Alabama, rendered and entered on August 13, 1957 in Cause No. 107–597, styled John Fleetwood Ogletree v. Margie Ogletree.

It is further ordered that the Clerk of this Court issue a writ directed to any sheriff or constable of this State commanding that immediate possession of John Fleetwood Ogletree, Jr. be taken and that said minor child be delivered into the possession and custody of John Fleetwood Ogletree.

No motion for rehearing will be entertained. Rule 515, Texas Rules of Civil Procedure.