**Joseph J. BUKOVICH, Petitioner,**

**v.**

**Sally A. BUKOVICH, Respondent.**

**No. A–10881.**

Supreme Court of Texas.

Jan. 12, 1966.

Rehearing Denied Feb. 23, 1966.

Neal, Hazlewood & Wolfram, Amarillo, for petitioner.

Clayton, Kolander, Moser & Templeton, Amarillo, for respondent.

STEAKLEY, Justice.

This case presents questions for decision in the unfortunate situation when natural parents are involved in child custody. litigation. Petitioner, the father, and Respondent, the mother, were divorced in Porter County, Indiana, in June of 1962. At the time, Mark Lawrence Bukovich, their only child, was less than two years of age. The mother was awarded custody of Mark, with the provision that she not leave the state. Her custody rights appear to have been reaffirmed by the Indiana court on subsequent occasions. In a still later proceeding instituted by the father for a change of custody, the Indiana court entered an order dated December 2, 1963, reciting Respondent to be in default, although duly notified, finding her in contempt of court, finding that she "is not a

fit and proper person to have custody * * *" and ordering that custody of the child be "changed and granted" to the father. The mother and child left Indiana before this decree could be executed and were later located by the father in Amarillo, Texas. The father under date of January 10, 1964, filed a petition in the 108th District Court of Potter County, Texas, for a writ of habeas corpus to obtain possession of the child pursuant to the Indiana decree. The case was transferred to the Court of Domestic Relations of Potter County. The mother answered and alleged there had been a change of conditions since December 2, 1963, of sufficient nature to warrant a reaward of custody to her. Trial was to a jury, with the mother assuming the burden of establishing a material change of conditions since the Indiana decree, and that an award of custody to her would be for the best interest of the child. The jury found that such a material change of conditions had occurred that the best interest of the child required a change of custody to the mother. The judgment of the trial court based thereon was affirmed by the Court of Civil Appeals. 391 S.W.2d 189. We granted Petitioner's application for writ of error upon points of error asserting, in effect, that there was no evidence to support the jury finding of a change of conditions, and that the Court of Civil Appeals erred in not giving full faith and credit to the Indiana decree. We are of the view that a material change of conditions was not shown and therefore reverse the judgments below.

█ The courts of Texas will give full faith and credit to a child custody decree of a sister state and will not order a change of custody in the absence of proof of a subsequent material change of conditions. Short. v. Short, 163 Tex. 287, 354 S.W.2d 933; Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1; Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293. However, proof of a material change of conditions since the decree of the sister state will support a

change of custody if such would be for the best interest of the child. Cf. Short v. Short, supra; People of the State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1948); see Stumberg, Principles of Conflicts of Law, 3d ed., pp. 319–326 (1963). A change of conditions being shown, the question becomes whether or not a change of custody is warranted, and this is a question within the discretion of the trial court whose action will not be disturbed in the absence of an abuse of discretion. Cf. Mumma v. Aguirre, 364 S.W.2d 220 (Tex. Sup.1963); Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787. At the time it is entered, a custody judgment is res judicata of the question of the best interest of the child. Taylor v. Meek, supra. The fact that the technical legal domicile of the child may be in another state does not preclude child custody jurisdiction in our courts. Wicks. v. Cox, supra; Campbell v. Stover, 101 Tex. 82, 104 S.W. 1047.

█ The initial question, then, is whether a material change of conditions was shown to have occurred between December 2, 1963, the date of the Indiana decree, and the instant proceedings which were filed on January 10, 1964. The controlling considerations are those changes of conditions affecting the welfare of the child. The desires, acts and claims of the respective parents are secondary considerations and material only as they bear upon the question of the best interest of the child. See Goldsmith v. Salkey, supra; Shippen v. Bailey, 303 Ky. 10, 196 S.W.2d 425 (1946); McMillin v. McMillin, 114 Colo. 247, 158 P.2d 444, 160 A.L.R. 396 (1945). All that is shown here in the nature of a change of conditions since the decree of the Indiana court relates to the prospective improvement in the circumstances of Respondent. The evidence offered by her was, in substance, that she would have an opportunity for employment in a bank in Oak Lawn, Illinois, and that she would be a guest in the home of responsible friends until arrangements could be made for her own

living quarters. This evidence will not support the finding of a material change of conditions since the Indiana decree, from which it follows that the change of custody order of the trial court cannot stand. The Indiana court is open to Respondent if she desires to seek a review of the presently effective custody order. She testified that if she were awarded custody of the child by the Texas courts she would immediately proceed with the child to Oak Lawn, Illinois. We do not know if she has done this; but if so, Oak Lawn is across the boundary from the Indiana county of the court entering the custody decree here involved, and it is the order of that court which Respondent previously disobeyed in removing the child from its jurisdiction. Notwithstanding the views of the courts below that it would be better for the child to remain with his mother rather than be placed in the home of his paternal grandparents in the custody of his father, and even if such were our view, the Indiana court has decreed otherwise in what we must assume was competent litigation. The facts here shown do not make the exceptional case which is prerequisite to an exercise of jurisdiction by the courts of Texas to the extent of a new and independent determination of child custody rights.

The judgments of the trial court and of the Court of Civil Appeals are reversed and judgment is here rendered that custody of Mark Lawrence Bukovich be awarded to and vested in Joseph J. Bukovich in accordance with the decree of the Porter Circuit Court of the State of Indiana, dated December 2, 1963, in cause No. 18559, entitled Sally A. Bukovich v. Joseph J. Bukovich. It is further ordered that the Judge of the Court of Domestic Relations of Potter County, Texas, issue a warrant to the Sheriff of Potter County, Texas, to take and bring said child, Mark Lawrence Bukovich, should he be found within the state, before said Judge to be placed by his order in the custody of Petitioner.

## ON MOTION FOR REHEARING

SMITH, Justice (concurring).

I concur in the result. There is no evidence of change of conditions in the circumstances of the father, the custodian parent. Therefore, the custody should not be changed. Even though there is substantial evidence showing changed conditions for the better in the circumstances of the non-custodian parent, such changed conditions would not warrant a holding that it would be to the best interest of the child to change the custody, where, as here, the custodian parent is a suitable and proper person to have the care and custody of the child. The prospective improvement in the conditions of the non-custodian parent should have no material bearing on the question of custody unless it is made clear by the terms of the original judgment that custody was denied the non-custodian parent because of some temporary disability, and then only upon a showing that such disability no longer exists.