**Hal HALL and Snow Blackburn Hall, Appellants,**

v.

**Paul J. BLEISCH et al., Appellees.**

**No. 25647.**

United States Court of Appeals Fifth Circuit.

Sept. 30, 1968.

Rush Moody, Jr., Midland, Tex., for appellants, Stubbeman, McRae, Sealy & Laughlin, Midland, Tex., of counsel.

John H. Splawn, Jr., Splawn & Maner, Lubbock, Tex., for appellees.

Before BELL and SIMPSON, Circuit Judges, and ROBERTS, District Judge.

PER CURIAM:

The parties to this appeal were involved in a three car accident. The owner of the third car sued them in state court to recover property damages. They crossclaimed, one as against the other, for indemnity as to the third party's property damage. The case was settled by a consent judgment in the state court. Appellees then brought suit in the federal court against the Halls, seeking damages for personal injuries.

The district court did not err in rejecting the defense based on res judicata. The issue presented in the federal suit was not in issue in the state court litigation which appellant asserts as having given rise to the bar, nor is it such an issue as would require the

application of res judicata under Texas law. The case of Ogletree v. Crates, 363 S.W.2d 431 (Tex.S.Ct.1963), relied on by the appellants, extends only to requiring the assertion of all defenses that a defendant might have against a plaintiff. We do not read it to require the assertion of possible cross-claims by co-defendants.

 There is likewise no merit in the contention that the suit is barred by the failure of appellees to comply with the Texas compulsory counterclaim rule in the state court litigation. The claims asserted were crossclaims and not counterclaims. Rule 97, Texas Rules of Civil Procedure; Rule 13, Federal Rules of Civil Procedure; and Wright, Federal Courts, p. 306 (1963).

Affirmed.