Barbara Jean **KNOWLES** et al., Petitioners,

v.

Emily **GRIMES** et vir, Respondents.

No. B–1187.

Supreme Court of Texas.

Feb. 19, 1969.

John A. Courtney, Mobile, Ala., for petitioners.

Fike, Hunter & Schultz, King Fike, Dalhart, Tex., for respondents.

STEAKLEY, Justice.

This is a child custody case in which we are required to decide if the facts here shown make the exceptional case which is prerequisite to a new and independent determination of child custody rights from that decreed by the court of a sister state. Emily Grimes, the natural mother of seven-year old Christina Maria Sewell, joined by her present husband, Johnny Grimes, instituted this suit in the Dallam County District Court against the paternal aunt and uncle of Christina, Barbara Jean Knowles and Jerry Knowles, who were awarded custody of Christina on January 18, 1967, by the Circuit Court of Mobile, Alabama, with the provision that Christina would be permitted to visit the Grimes during the summer of 1967. The suit sought a change in the custody rights decreed by the Alabama Court and was filed on July 14, 1967, during the time Christina was visiting the Grimes. Trial to the court was held on September 16, 1967, after which the court found that the Grimes had "failed to prove their allegations of material changes in conditions since the rendition of the aforesaid judgment of the Mobile, Alabama Court such as to warrant this court in changing custody of the minor child"; it was decreed that the terms of the judgment of the Alabama Court should be "abided by all parties." We construe this judgment as a decision by the trial court that the showing of changed conditions prerequisite to a new determination of custody rights was not made. Upon appeal, the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment that the care, custody and control of Christina be awarded to Mrs. Grimes. 431 S.W.2d 602. The Knowles are Petitioners here, and we reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

The unhappy events in the life of the child preceding the Alabama decree of January, 1967, are reviewed in the opinion of the intermediate court; but our concern is only with the changes, if any, occurring in the period of eight months subsequent to the Alabama decree. We further note that both courts below recognized that the custody decree of the Alabama Court is a valid judgment entitled to full faith and credit, and we agree.

■ The rules controlling our action have been stated. The courts of Texas will give full faith and credit to a child custody decree of a sister state and will not order a change of custody in the absence of proof of a subsequent material change of conditions. Bukovich v. Bukovich, 399 S.W.2d 528 (Tex.Sup.1966); Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962). A final judgment in a custody proceeding is res judicata of the best interests of a minor child as to conditions then existing. Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup.1963); Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (1955); Wilson v. Elliott, 96 Tex. 472, 73 S.W. 946 (1903). There must be a showing of materially changed conditions to authorize a change of custody. Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup.1963); Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962). As a matter of public policy, there should be a high degree of stability in the home and surroundings of a young child, and, in the absence of materially changed conditions, the disturbing influence of re-litigation should be discouraged. Mumma v. Aguirre and Ogletree v. Crates, supra.

■ We are in agreement with the trial court that the Grimes failed to establish a material change of conditions since

the Alabama decree. Their testimony generally depicted the adjustment of Christina during her visit in the summer of 1967. It was also shown that Mrs. Grimes was no longer employed, that she was more emotionally stable, and that there had been some improvements in their home and financial circumstances. No changes in the circumstances of the Knowles were established. In actuality, the Grimes rely upon the following statement of counsel for the Knowles during the trial in the Texas court:

> "I will even go further and admit these are good parents, Judge, I don't have any objection to that."

> \*   \*   \*   \*   \*   \*

> "I will stipulate for the record for the sake of expediency and time that the child is a happy child, and is an adjusted child and probably is from the testimony that we have heard so far, adjusted to the home as any child of the same age would and that it is happy and that the home is a good home and the parent and stepparent are good parents and have the best interest and welfare of the child at heart, I have no objection to stipulating that."

It is contended that these trial statements establish, as a matter of law, that a material change of conditions had occurred since the Alabama decree. Such appears to be the rationale of the Court of Civil Appeals. It was reasoned that the evidence heard by the Alabama Court must have established the unfitness of the mother; otherwise, that court would not have awarded custody to the paternal aunt and uncle. From this assumption, the Court of Civil Appeals found proof of a material change of conditions in the previously quoted stipulation of counsel. Having thus found a material change of conditions, the court applied presumptions in favor of a natural parent. We disagree. It was decreed by the Alabama Court that it would be in the best interest of Christina that she be placed in the custody of the Knowles, her paternal aunt and uncle. As before noted, material-ly changed conditions were not shown to have occurred since the Alabama judgment. This essential showing was not supplied by the stated forbearance of counsel for the Knowles in not attacking the character or motives of the Grimes in the Texas hearing. Mrs. Grimes did not, therefore, overcome the bar of res judicata of the Alabama judgment and, such being the case, presumptions favorable to her as a natural parent did not arise. Cf. Short v. Short and Taylor v. Meek, supra.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.