**Charles CARVER III, Appellant,**

v.

**Betty CARVER, Appellee.**

**No. 4916.**

Court of Civil Appeals of Texas, Waco.

Aug. 6, 1970.

Rehearing Denied Sept. 10, 1970.

John B. McNamara, Jr., Waco, for appellant.

Dunnam, Dunnam & Dunnam, Tom Moore, Jr., Waco, for appellee.

OPINION

HALL, Justice.

The record in this case reflects a typical history of problems of and litigation by divorced parents over the custody of their child. Following the last hearing, which was without a jury, the trial court awarded custody of the child to the mother, with reasonable visitation rights to the father. The father appeals. We affirm.

The parties were divorced in Texas in June, 1964. The judgment of divorce

awarded custody of the child, a son who was then four years of age, to the mother. During the summer of 1968, by arrangement between the parties, the boy was left with his father at the father's residence in the State of New York.

On July 25, 1969, the parties appeared in person with their attorneys in a Family Court of New York, and agreed and stipulated before the court that the custody of their son should be changed; that the father should have custody "during the school period, September through June, said period being on the day before the opening of school until the day after the close of school in June;" that the mother should have custody "during the Christmas recess of school and during the summer recess of school;" and that each parent should have rights of visitation while the other had custody. The court rendered judgment upon the terms of this agreement.

The parties also agreed, in the New York court, that the custody order of the Texas court should show the new arrangement; and, on July 28th, at the request of the mother's attorney, the Texas court ordered that its judgment of 1964 was "modified" to show the custody agreement made in New York.

On August 10, 1969, the mother returned with the child to Texas. On August 27th, on motion of the mother, the Texas court set aside its "modification order" of July 28th. The original petition for change of custody, initiating this case, was filed by the mother on September 9, 1969; and the hearing began on December 3rd.

The trial court filed findings of fact, most of which are to the effect that, since the last custody decree, conditions surrounding the best interests and welfare of the child, including the attitude and emotional stability of the child in several critical particulars, have materially changed; and that to continue with divided custody or require the boy to go back to New York and live with his father would be injurious to the mental, emotional and physical health of the child. The court determined that these findings, separately and cumulatively, constituted a material change of condition; and concluded that "full custody" be awarded to the mother. The father contends that the evidence is legally, or factually, insufficient to support these findings and conclusions.

In making the determinations in question, the trial court was not limited to a consideration of evidence of changed conditions occurring only between the dates of the last custody decree and the filing of the mother's petition for change of custody; the court was entitled to consider, as it obviously did, any evidence of changed conditions occurring up to the time of hearing. See Knowles v. Grimes, (Tex.Sup., 1969) 437 S.W.2d 816, 817.

The parties are, of course, familiar with the testimony. No useful purpose, precedential or otherwise, and no benefit to the parties or the child, can be served by reciting it in this opinion. It is not uncommon to an adversary proceeding of this nature. The mother and her sister and brother-in-law gave testimony in her behalf. The father and his sister-in-law testified in support of his position. Additionally, there is testimony from a psychiatrist and two officials of the child's school in support of the mother's claims.

District courts are entrusted with broad discretion in determining the custody of children; and a judgment in that regard cannot be disturbed on appeal unless the record as a whole shows an abuse of that discretion. Herrera v. Herrera (Tex.Sup., 1966) 409 S.W.2d 395, 396; Page v. Sherrill (Tex.Sup., 1967), 415 S.W.2d 642, 645.

We have carefully reviewed the entire record. As stated by the court in Mumma v. Aguirre (Tex.Sup., 1963), 364 S.W.2d 220, 223, the trial judge in a case like this has an especial opportunity "to observe and evaluate the personalities of the contending claimants, to weigh the

credibility of their testimony, to assess the physical, mental, moral and emotional needs of the child, and to adjudge from personal observation which of the claimants can best meet the needs of the child." We hold that the evidence is legally and factually adequate to support the findings mentioned; and that the trial court did not abuse its discretion in awarding full custody to the mother.

All of appellant's points and contentions have been duly considered and are overruled. The judgment is affirmed.