**In re Y.**

**No. 890.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 31, 1974.

Rehearing Denied Nov. 27, 1974.

L. H. Warburton, Jr., Perkins, Davis, Oden & Warburton, Alice, for appellant.

Nelson R. Sharpe, Glusing & Sharpe, Kingsville, for appellee.

## OPINION

NYE, Chief Justice.

■ This is a child custody case. One of the parties has filed a motion requesting the Court to identify the parties by fictitious names citing Section 11.19(d), Family Code, V.T.C.A. The Court is of the opinion that the best interests of the parties and the child will be served by the granting of the motion. Therefore, the names and places are fictitious or general.

The father appellee brought suit for modification of a divorce decree seeking to change the custody of his three (3) year old son from the mother to himself. The mother appellant answered with a general denial. The case was tried before a jury which found in favor of the father that a material change of conditions had occurred and that the best interests of the child required a change of custody to the father. The mother filed a motion for judgment non obstante veredicto, a motion to disregard the special issues and a motion for new trial. All were overruled by the trial court. Judgment was entered conforming to the jury verdict. The mother appeals from the entry of the trial court's judgment.

■ In a suit such as this, seeking a change of custody, the non-custodian parent has the burden of showing that a material change of conditions concerning the custodian parent has occurred, before a court of competent jurisdiction can change the custody of a minor child. Our first inquiry must be whether there is evidence of a material change of conditions. This is necessary to test the trial court's jurisdiction to decide whether or not a change of custody is warranted. Bukovich v. Bukovich, 399 S.W.2d 528 (Tex.Sup.1966). The non-custodian parent (the father in this case) must show that a material change of conditions has taken place since the entry of the decree in order to escape the bar of res judicata of the prior decree. Knowles v. Grimes, 437 S.W.2d 816 (Tex.Sup.1969).

With these basic rules in mind, we review the pertinent evidence.

The parties were married in October, 1969. The child was born as issue of that marriage in May, 1970. Following the entry of the divorce decree, the mother was employed by a large bank in Corpus Christi in the trust department. She had moved in with her parents who lived in Kingsville prior to the granting of the divorce. During a short period of time following the divorce, the mother commuted back and forth between Kingsville and Corpus Christi. The minor child was kept in a day care center during the day and cared for by the appellant's mother and father on other occasions. Approximately four (4) months later, the mother changed jobs and began working for another bank in a small town, where she worked approximately two months. In the latter part of 1971, she began working at the Naval Air Station in Kingsville, a job she presently retains. Shortly after she started working at the Naval Air Station, the mother moved out of her parents' home and moved into and shared a home with another divorcee and her child. She and the child lived with them for six months. From there, the mother moved into a mobile home where she resided for another six month period. During this time, she again left her son at the day care center during working hours. After that, she moved into an apartment in Kingsville where she continued to reside until the time of the trial. The mother remarried shortly after the father filed this suit for change of custody.

The record disclosed several acts of moral misconduct. A short time after her divorce from the father, the mother became involved with a doctor from the Naval Air Station resulting in her pregnancy and the subsequent abortion in an out of state hospital in July of 1971. The record disclosed photographs showing the mother and a man posing in bed in an apparent state of undress. The pictures were admittedly taken at some time after the date of the divorce in April of 1971, and prior to the mother's remarriage shortly before the trial of this case. After the divorce while the mother resided at the trailer park, there was another incident involving the mother and an unidentified man. The father came to the trailer park to pick up his child for a weekend visit. He found the mother, dressed only in a nightgown, entertaining a male friend. The minor child was yelling for his mother to let him out of the bathroom. The father picked up the child. Later, he noticed the unidentified man leaving the mobile home by the back door. The mother admitted that there were occasions when she allowed a male friend to remain in her apartment all night. She testified generally that she had not exposed the child to any immoral circumstances and that the child had never seen her romantically with any man as there was no need of exposing him to this as her mother lives in the same town and she could leave the child with her parents when she had a date.

The appellee father at the time of the divorce lived with his mother and worked as a car salesman. Subsequent to the divorce, he went into business for himself in a night club or dance hall which subsequently failed. In June of 1973, the father remarried and began living on his new father-in-law's ranch. He ran the ranch and in return, received $600.00 per month, and was furnished living quarters by his inlaws. His present wife is a school teacher.

The father brought this suit in November of 1973 for change of custody of the minor child from the mother to himself. The father alleged a change of conditions existed and that the best interest of the child would be served by a change of custody. The jury found that a material change of conditions had occurred and that the best interests of the child required a change of custody to the father. In this connection, the jury was properly instructed as follows:

"You are instructed that not every change in conditions justifies the modifi-

cation of a former judgment of divorce awarding the custody of a minor child. Such changed condition, if any, must be such as to affect the welfare and best interest of the child and be of such nature that to leave the custody of the child as previously adjudicated would be injurious to the welfare and best interest of the child so as to require that such custody be changed."

The trial court entered judgment conforming to the jury's verdict.

■ The mother's first point of error is that the trial court erred in entering a judgment changing custody of the minor child as there was no evidence of any material and substantial change of conditions affecting the best interest of such child. The mother contends that before a court of competent jurisdiction can change the custody of a minor, the non-custodian parent has the burden of showing that a material change of condition of the custodian parent has occurred. To this, we agree. The V.A.C.S., Family Code § 14.08, provides that:

(a) Any party affected by an order of the court providing for managing conservatorship or support of a child, or setting the terms and conditions for possession of or access to a child, may file a motion requesting the court to modify its former order. The motion shall allege that the circumstances of the child have materially and substantially changed since the entry of the order sought to be modified, set forth the alleged circumstances, and be sworn to by the party seeking modification.

The mother contends that the change of conditions alleged and proved were primarily that of the non-custodian parent, the father, and not of herself. In such a case, she argues, the trial court had no jurisdiction to determine the best interests of the child as to custody. It is true that the father introduced evidence of his remarriage, his new job of managing a ranch, his improved financial conditions, and his free housing, but because the father was the non-custodian parent, these changes are conditions that would affect the welfare of the child only and only if a change of custody is warranted. The prospective improvement in the conditions of the non-custodian parent have no material bearing on the question of custody unless it is first made clear from the evidence that a change of conditions has been shown as to the parent with whom custody was first vested. The father had the burden to prove by a preponderance of the evidence that since the rendition of the last final judgment in the case between these same parties involving the custody of the child that there has occurred material changes of conditions that were of such a nature that when they are considered, along with other existing facts and circumstances surrounding the parties and the child that it would be in the child's best interest to change his custody from the mother and award it to the father. Taylor v. Meek, 276 S.W.2d 787 (Tex.Sup.1955); Bukovich v. Bukovich, supra; Knowles v. Grimes, supra; Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup.1963).

■ The issue then is whether such a material change of conditions existed in the custodian parent, the mother, since the divorce in April of 1971. The mother admits in her testimony to the following facts: (1) that she had changed jobs three (3) times; (2) that she had moved at least three (3) times; (3) that she had an affair and became pregnant by a man whom she did not marry; (4) that she had an abortion performed out of state; (5) that there were occasions when she permitted a man to whom she was not married to remain in her apartment all night; (6) that she and a man, not her husband, posed for photographs in an apparent state of undress subsequent to the divorce; (7) that at a time when she had custody of the child, she entertained a male house guest while dressed in a short nightgown; (8) that the child was placed in the bathroom during such occasion; (9) that subsequent

to the date of the father's suit, the mother had remarried. These conditions represent a change from the time when the court first awarded the custody of the child to the mother. They relate only to her, as the custodian parent. They are substantial and material and constitute sufficient evidence for the trial court's submission of the issue to the jury. The mother's first point of error of "no evidence" is overruled.

■ A change of conditions having been shown, the question becomes whether or not a change of custody is warranted. This is a question within the discretion of the trial court or jury, properly instructed, as the case may be. Bukovich v. Bukovich, supra. If there is evidence of probative force, from which reasonable minds might have come to the same conclusion that the jury came to, then there is evidence to support the findings of the jury. When all of the evidence has thus been considered and the evidence does not preponderate against the jury's finding, it is the duty of the trial court and of this Court to enter and uphold the judgment in keeping with such findings. The trial court cannot substitute its judgment, in such cases, for that of the jury. If the evidence is factually insufficient and the finding is manifestly unjust, the trial court can only grant a new trial. See Dohrmann v. Chandler, 435 S.W.2d 232 (Tex.Civ.App. —Corpus Christi 1968, no writ).

■ The evidence showed that the mother was a working mother. Her financial situation has improved. Her new husband stated that he loved her child and he accepts him. They have sufficient living quarters. The father on the other hand, introduced fifty (50) pictures depicting the living conditions in which the child enjoyed while visiting the father and which depicted the conditions which the minor child would have if the court awarded him the custody. The father also introduced evidence of his improved financial conditions and the loving relationship which had developed between his new wife and the

child. There was other evidence that we need not recite together with what we have said that would justify the jury's findings that to leave the custody of the child with his mother would be injurious to the welfare and best interest of the child. The fact that there may be evidence to the contrary is immaterial. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359 (1957).

We have examined all of the evidence in the light of the rules announced by our Supreme Court in In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952) and are convinced that the record here presents ample evidence to support the verdict of the jury and the judgment of the court based thereon. Dohrmann v. Chandler, supra; Bukovich v. Bukovich, 399 S.W.2d 528 (Tex.Sup.1966); Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962); Smith v. Clements, 424 S.W.2d 326 (Tex.Civ.App. —Amarillo, 1968, writ ref'd. n. r. e.); Heiskell v. Heiskell, 412 S.W.2d 774 (Tex. Civ.App.—Amarillo, 1967, no writ); Buhrman v. Buhrman, 407 S.W.2d 353 (Tex. Civ.App.—Fort Worth, 1966, no writ); Autry v. Autry, 359 S.W.2d 272 (Tex.Civ. App.—El Paso, 1962, no writ); Fontaine v. Fontaine, 325 S.W.2d 428 (Tex.Civ.App. —Dallas, 1959, no writ). The mother's first and second points of error are overruled.

■ The appellant mother contends that V.T.C.A., Family Code § 11.13 has changed the prior existing law so that the verdict of the jury on the issue of managing conservatorship is advisory only and not binding on the Court. Prior to the enactment of Section 11.13(b) of the Family Code, Vernon's Ann.Civ.Stat. Article 4639a as amended by the 61st Legislature set out the prevailing rule and provided in part:

" . . . In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, and

*the judgment of the court must conform to that determination."* (Emphasis added.)

The courts have uniformly held, since the 1961 amendment, that the legislature intended that instead of permitting the jury finding to be advisory, as it was prior to the amendment, that such jury finding would be binding upon the court but only when supported by the evidence as in any other civil action where the parties have a right of trial by a jury. Welch v. Welch, 369 S.W.2d 434 (Tex.Civ.App.—Dallas 1963, no writ); Dohrmann v. Chandler, supra; Kirchner v. Van Skike, 410 S.W.2d 467 (Tex.Civ.App.—Tyler 1966, no writ); Fatheree v. Eddleman, 363 S.W.2d 784 (Tex.Civ.App.—Amarillo, 1962, no writ); Shannon v. Newman, 400 S.W.2d 861 (Tex.Civ.App.—Amarillo, 1966, no writ); Griffith v. Griffith, 462 S.W.2d 328 (Tex. Civ.App.—Tyler, 1970, no writ). We have already determined that the verdict was supported by the evidence and the only question that remains is whether Section 11.13 of the Family Code has changed the prior law so that the jury's verdict is not binding on the court. We think that it has not. V.A.T.S., Section 11.13(b), Family Code reads as follows:

> (b) The verdict of the jury is binding on the court except with respect to the issues of managing conservatorship, possession, and support of and access to a child, on which the verdict is advisory only, *provided, however, the court may not enter a decree that contravenes the verdict of the jury on the issues of managing conservatorship, possession of, or access to a child.* (Emphasis added.)

There is no indication in the Family Code that the legislature intended to retreat from those interpretations of the 1961 Amendment to Article 4639a. At the present time, there are no cases interpreting Section 11.13 one way or the other. However, Eugene L. Smith, one of the drafters of the provision in question, envisioned that such a problem might arise in the future due to the seemingly conflicting language in Section 11.13(b). In 5 Tex. Tech.L.Rev. 409 (1974), Professor Smith states that:

> "As presented to the Legislature, subsection (b) provided that the jury verdict was advisory on issues of conservatorship, possession, support and access to a child. However, the Legislature added the clause beginning with the word "provided" as expressed in committee, the intent was to retain the limitation on the judge's power found in Tex.Rev.Civ. Stat.Ann. art. 4639(a), § 1. Presumably the committee amendment will be effective to limit the power of the court in matters of care and control of children, with the only alternative available in the event of an unsatisfactory jury verdict to order a new trial."

We think that such reasoning is persuasive. We conclude then, that the law has remained unchanged. We know that the jury had an opportunity to observe and evaluate the personalities of the contending claimants, to weigh the credibility of their testimony and to assess the physical, mental, moral and emotional needs of the child. The jury's verdict should be binding on the trial court's judgment which also binds our hands when supported by evidence. For that reason, appellant mother's third point of error is overruled.

The appellant mother's seventh point of error is that the trial court erred in failing to grant her motion for new trial based on the newly discovered evidence which was competent and material and was not available at the time of trial and which would have resulted in a different verdict by the jury. The determination of a motion for new trial based upon newly discovered evidence requires the trial court to follow certain well established guide lines. In order to require the granting of a new trial on the ground of newly discovered evidence, the following indispensable elements must be present, viz: (1) admissible, competent evidence must be introduced on

the hearing of the motion for new trial showing the existence of the newly discovered evidence relied upon; (2) the party seeking a new trial must show that she had no notice of the existence of such evidence prior to the time of trial; (3) that due diligence had been used to procure the evidence prior to trial; (4) that the evidence is not merely cumulative to that already given and does not tend only to impeach the testimony of the adversary; and (5) the evidence would probably produce a different result if a new trial were granted. Anderson v. Griffith, 501 S.W.2d 695 (Tex.Civ.App.—Fort Worth, 1973, writ ref'd n. r. e.); Mercer v. Mercer, 503 S.W.2d 395 (Tex.Civ.App.—Corpus Christi, 1973, no writ); New Amsterdam Casualty Company v. Jordan, 359 S.W.2d 864 (Tex. Sup.1962).

■ The newly discovered evidence presented by appellant in her motion for new trial consisted of several affidavits. In the mother's affidavit, she complains that she was wholly inexperienced in legal matters and unknown to her, she had engaged a certain attorney who did not have a great deal of experience in this area.[1] She complained that her attorney failed to make objections when necessary and failed to fully set forth evidence favorable to her position. The attorney's affidavit was also submitted in support of the mother's motion for new trial. He stated that he was highly surprised and upset that they had to go to trial on February 11, 1974, and that he was not really fully prepared. He stated he was aware of certain evidence showing that the father had also had affairs prior to and subsequent to the divorce and that he should have brought that out with greater force. He admits that he probably was ineffective in his strategy and presentation and that if he had been more effective, the jury verdict would have probably been a different result. Inexperience with the courts or negligence or mistake of one's own attorney is not a ground for new trial. Newbern v. Spiro, 387 S.W.2d 769

(Tex.Civ.App.—Dallas, 1965, no writ); Ricks-Maguire Company v. Oliver, 376 S.W.2d 434 (Tex.Civ.App.—Amarillo 1964, no writ); Sandoval v. Rattikin, 395 S.W.2d 889 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.), cert. den. 385 U.S. 901, 87 S.Ct. 199, 17 L.Ed.2d 132, reh. den. 385 U.S. 964, 87 S.Ct. 389, 17 L.Ed.2d 309.

■ The mother next asserts that included in the newly discovered evidence was her parents' affidavit and the affidavit of a doctor. The mother admits in her own affidavit that the reason her parents did not testify was because she did not want them to be subjected to the opposing attorney's questions and learn of her abortion. It was incumbent upon the mother to show that without any fault of her own, she was not afforded an opportunity to present her new evidence. Sandoval v. Rattikin, supra. This surely seems to have been her decision and no one else's fault that such testimony was not presented. Nowhere in appellant mother's motion for new trial or affidavit does it appear that she was unable to get the diagnosis by the doctor in question prior to or during the trial and nowhere in the doctor's affidavit does it appear that he was unavailable until after the trial. None of the affidavits show that the mother used diligence in procuring any of such newly discovered evidence. The evidence offered at the motion for new trial did not fit into one or more of the guide lines set forth above. Clearly, there was no abuse of discretion in the failure of the trial court to grant a new trial. Allan v. Materials Transportation Company, 372 S.W.2d 744 (Tex.Civ.App.—Corpus Christi 1960, no writ); Mercer v. Mercer, supra; Wofford v. Miller, 381 S.W.2d 640 (Tex. Civ.App.—Corpus Christi 1964, writ ref'd, n. r. e.).

We have carefully considered· all of the appellant mother's points of error and they are overruled. The judgment of the trial court is affirmed.

Affirmed.

[1]. The mother's attorney on appeal is not the same as she had during the trial.