**James A. RUSSELL et ux., Appellants,**

**v.**

**Joel Evans McMURTREY et al., Appellees.**

**No. 7719.**

Court of Civil Appeals of Texas, Beaumont.

July 24, 1975.

Rehearing Denied Aug. 21, 1975.

Dale E. Muller, Austin, for appellants.

John C. Drolla, Jr., Austin, for appellees.

STEPHENSON, Justice.

This is a habeas corpus proceeding filed in a district court in Travis county to recover possession of a minor son, Sean McMurtrey. A petition to intervene filed by the maternal grandparents was granted. Hearing was before the court and judgment rendered granting the habeas corpus petition and ordering delivery of the boy to the father, who was the petitioner. The parties will be referred to here as the father, mother, and grandparents.

The record before us shows the mother as petitioner filed suit for divorce in Colorado. A copy of the decree shows that trial began October 16, 1974, and judgment was entered October 22, 1974. Both parties appeared in person and with their attorneys. That judgment contained recitations to the effect that this father and mother were married in Austin, Texas, May 30, 1970, and separated March 11, 1974. Both were found to have been domiciled in the state of Colorado for more than ninety days before that proceeding was commenced. That court found the father and mother entered into a separation agreement attempting to resolve the controversies between them.

The mother contended in that court that she had entered into the agreement through duress and undue influence. That court found she failed to sustain her burden of proof and that the agreement was fair and reasonable. Under the terms of that agreement, the mother was to have custody of Shannon who is her natural son but adopted by the father. The father was to have custody of Sean who is the subject matter of this habeas corpus proceeding. The Colorado court found it was to the best interest of such children that custody be awarded as agreed upon and the divorce was granted. This habeas corpus proceeding was then filed November 4, 1974, only thirteen days after the Colorado judgment.

The judgment in this habeas corpus proceeding recites a finding that the Colorado divorce had become final and is entitled to full faith and credit and ordered the mother to deliver possession of the child in question.

The trial court took the only action it could under the circumstances in this case. The issue of custody had been litigated in the Colorado court less than thirty days before this habeas corpus hearing. Custody of the minor child had been placed in the father, and under Tex.Family Code Ann. art. 14.10 (1975) he was permitted to file a petition in habeas corpus to try the issue of "right of possession." In order to refuse to carry out the Colorado judgment, the trial court here would either have to have found that the Colorado court did not have jurisdiction of the parties or that Sean McMurtrey had been within the state of Texas for at least twelve months immediately preceding the filing of the petition for this writ. Neither the mother nor the grandparents made any contention below or make any contention here, that either of those two situations existed.

In order to raise an issue as to change of custody in the trial court in Texas, pleadings would have to have been filed alleging that the circumstances have materially and substantially changed since the

divorce decree. Tex.Family Code Ann. art. 14.08(a) (1975). No such pleadings were filed by either the mother or grandparents, and no motion for continuance was filed in the trial court, and no point of error is raised here on the failure of the trial court to allow anyone time to file such pleadings.

One of the more recent expressions by the Supreme Court of Texas on the issues raised in this case is in *Knowles v. Grimes*, 437 S.W.2d 816, 817 (Tex.1969):

"The rules controlling our action have been stated. The courts of Texas will give full faith and credit to a child custody decree of a sister state and will not order a change of custody in the absence of proof of a subsequent material change of conditions. *Bukovich v. Bukovich*, 399 S.W.2d 528 (Tex.Sup.1966); *Short v. Short*, 163 Tex. 287, 354 S.W.2d 933 (1962). A final judgment in a custody proceeding is res judicata of the best interests of a minor child as to conditions then existing. *Ogletree v. Crates*, 363 S.W.2d 431 (Tex.Sup.1963); *Taylor v. Meek*, 154 Tex. 305, 276 S.W.2d 787 (1955); *Wilson v. Elliott*, 96 Tex. 472, 73 S.W. 946 (1903). There must be a showing of materially changed conditions to authorize a change of custody. *Mumma v. Aguirre*, 364 S.W.2d 220 (Tex.Sup. 1963); *Short v. Short*, 163 Tex. 287, 354 S.W.2d 933 (1962). As a matter of public policy, there should be a high degree of stability in the home and surroundings of a young child, and, in the absence of materially changed conditions, the distrubing influence of re-litigation should be discouraged. *Mumma v. Aguirre* and *Ogletree v. Crates*, supra."

We have carefully read the record and considered all of the points of error, and finding no merit to them they are overruled.

Affirmed.