**Marsha Larue SCROGGINS, Appellant,**

v.

**Craig Allen SCROGGINS, Appellee.**

**No. 01–87–01044–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 14, 1988.

James B. Hicks, Waller, for appellant.

Tami Davis Sayko, Hempstead, for appellee.

Before EVANS, C.J., and BASS and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a judgment modifying the child custody arrangements made by a divorce decree. The divorce decree appointed the appellant, the mother of the child, as the managing conservator of the child and appointed the appellee, the father, the possessory conservator. The decree ordered the father to pay $200 per month in child support.

In March 1987, the appellant ["the mother"] filed a motion to enforce the child support order by contempt, alleging that the appellee ["the father"] had missed many payments in the two years since the decree and had paid less than half of the support ordered by the court. The father denied the amount of his arrears, and then countered by filing a motion to modify the conservatorship order in the divorce decree. In April 1987, the trial court entered temporary orders, denying the father access to the child until a hearing on the motions and enjoining the father from harrassing or committing any acts of violence against the mother. In May 1987, the court heard the father's motion to modify, and in August 1987, the court entered the judgment appealed from, modifying the divorce decree and appointing the father as the new managing conservator of the child.

Appellant brings three points of error, contending that there was no evidence or insufficient evidence to support any finding by the trial court (1) that there had been a substantial and material change in circumstances that justified modification of the prior order; (2) that allowing the child to remain with her mother pursuant to the

original decree would be injurious to the child; and (3) that appointing the father as new managing conservator would be a positive improvement for the child.

■ A final judgment in a custody proceeding is res judicata of the best interests of the child as to conditions existing at that time. *Knowles v. Grimes,* 437 S.W.2d 816, 817 (Tex.1969). To further the public policy of achieving stability in the home and surroundings of a young child, the law does not permit a change in child custody, once judicially determined, without a showing of materially changed conditions. *Id.; Mumma v. Aguirre,* 364 S.W.2d 220, 221 (Tex.1963). Even if a material change in circumstances is shown, a change of custody is not required unless denying it would constitute an abuse of discretion. *Mumma,* 364 S.W.2d at 221.

The Texas Family Code has codified and amplified the protections of the common law by providing the following requirements that must be met before a decree designating a managing conservator may be modified:

(A) the circumstances of the child, managing conservator, [or] possessory conservator ... have materially and substantially changed since the entry of the ... decree to be modified; and

(B) the retention of the present managing conservator would be injurious to the welfare of the child; and

(C) the appointment of the new managing conservator would be a positive improvement for the child....

Tex.Fam.Code Ann. sec. 14.08 (Vernon 1986).

■ Thus, before the court may even consider the requirements of injurious retention and positive improvement, it must make a threshold determination of whether there has been a material and substantial change in circumstances. *See R.W.M. v. J.C.M.,* 684 S.W.2d 746, 748 (Tex.App.— Corpus Christi 1984, writ ref'd n.r.e.).

The appellee contends that a material change in circumstances was shown by the fact that the mother moved four times in about two years, that she had engaged in "numerous affairs," that she had borne a child out of wedlock as the result of one of these affairs, and that she was unemployed at the time of the modification hearing. The appellant testified without contradiction that although she had had sexual relationships with three men in the years since the divorce, she had never had sexual contact when the child was present or at home. She had been more or less continuously employed since the divorce with the exception of a short time due to her pregnancy. She was unemployed at the time of the hearing only because she had delivered a child by C-section the month before, and she had not yet been cleared medically to return to work. She anticipated no problems finding employment, and stated that her previous employer had been happy with her work.

The father claimed that his own circumstances had also changed in that he no longer had a drinking problem (though he admitted still drinking "occasionally"), he had remarried, and he had not moved.

■ Although no one circumstance is determinative, we find that there was sufficient evidence for the trial court to have found a material change in the child's circumstances since the divorce decree. The child had moved several times with her mother, and then had to adjust to sharing the household and her mother's attention with her newborn sibling. Though moving alone is not a material change, *see Short v. Short,* 163 Tex. 287, 291, 354 S.W.2d 933, 936 (1962), it is a factor that may combine with others to satisfy the change inquiry.

■ We next turn to the question, raised by appellant's second point of error, whether there was legally and factually sufficient evidence to show that retention of the child by the present managing conservator, the mother, would have been injurious to the welfare of the child. The appellee contends, without specific references to the evidence, that appellant's "unstable lifestyle" and her financial dependence on others shows that the trial court had sufficient evidence to show that her retention of the child would be injurious.

Appellee's references to appellant's financial dependence and difficulties supporting the child do not constitute a sufficient basis for concluding that there is injury to the child. Indeed, the record shows that the father's own failure to honor his support obligations and to make his court-ordered child support payments were likely responsible for the mother's financial difficulties. It is undisputed that the appellant currently lives in a two-bedroom home owned by her mother on real estate also owned by her mother. She testified that she always had her own bedroom and had never exposed the child to harmful situations.

The appellee himself testified that the child would not be hurt if she stayed with the appellant. Although the appellant had once had trouble with an ex-boyfriend, she called the appellee to come pick up the baby to make sure she would be all right. This incident occurred over a year before the modification hearing, and there was no evidence of any other similar trouble.

The mother also testified that she was in good health and had never had any emotional problems. She testified that she had never had sexual contact in front of the child, and that she never neglected the child because of any other relationship. She testified that, except for a short period during her pregnancy, she had been pretty much continuously employed since the divorce, that she had always taken care of the child, financially and emotionally, and that she had paid for daycare herself during the periods that the appellee was not making his child support payments. The child's maternal grandmother testified that she was semi-retired and would help the appellant financially and emotionally in raising her four-year-old granddaughter.

Given the evidence, we cannot say that the appellee satisfied the second prong of the Family Code's test for modifying a custody decree. Because the evidence was insufficient to support a finding that the mother's retention of the child would be injurious to the child, modification was not authorized, and we do not reach the question of whether appointing the father as the managing conservator would constitute a positive improvement in the child's circumstances.

The appellant's second point of error is sustained. The judgment of the trial court is reversed, and judgment is rendered for the appellant.