Calvin W. BUHRMAN, Appellant,

v.

Edith BUHRMAN et al., Appellees.

No. 16760.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 30, 1966.

Hill, Paddock & Street, and Clifford F. McMaster, Fort Worth, for appellant.

Edith Buhrman, pro se.

## OPINION

MASSEY, Chief Justice.

Child custody suit growing out of a petition for writ of *habeas corpus.* Calvin Buhrman, father, was awarded permanent custody of his minor daughter pursuant to judgment of an Oklahoma District Court which also granted him a divorce of and from Edith Buhrman, the mother, under date of July 26, 1965. Seeking enforcement thereof said father, on August 2, 1965, filed petition for a writ of *habcas corpus* in the District Court of Tarrant County, Texas. The matter was transferred to the Domestic Relations Court, No. 1, of Tarrant County.

By pleadings filed in the Texas court the mother sought a decree of custody of her minor child on the ground of a change of condition. Following a trial before the court judgment was entered awarding custody of the child to the Tarrant County Probation Department, with direction that the child reside with her mother under supervision of the Department. The father has appealed. The mother has not appealed.

■ Observable in the findings of fact and conclusions of law filed by the trial court is that the sole predicate for disturbing the custodial right of the father was the court's conclusion that there had been a material change in circumstances of the parties, such as to give the court jurisdiction to readjudicate the question of custody. We have carefully examined the full and complete statement of facts brought forward on the appeal. Therein we find that there was no evidence which warranted a finding or conclusion that there had been a change of condition of the parties or in the circumstances of the minor child. Therefore the trial court should have granted the father's petition for a writ of *habeas*

*corpus* and should have compelled delivery of the person of the minor child, Sharon Buhrman, into the custody of her father.

Indeed, all the testimony in the case points up the fact that there has been no change in condition or circumstances. The father's ability and qualification to be custodian has never undergone any alteration. However, he has not yet been able to enter upon his office as such.

About May 1, 1964 the mother left the family home in Oklahoma, with the minor child, and departed for points in Texas. The father filed a suit for divorce and custody in Washington County, Oklahoma. He obtained an order granting temporary custody of the child to him. Strenuous efforts to locate and secure the person of the child were fruitless. Such was the condition of affairs when trial of the divorce and custody case was begun in Oklahoma on July 16, 1965. The mother was present in court and by cross-action sought a decree which would award custody of the child to her. She had, however, left the child in Texas. The court recessed the trial begun on the 16th, to be resumed on July 26, 1965, with the mother ordered to have the child present in court at such time. She did not appear. The Oklahoma judgment was rendered as of that date. The mother filed a motion for new trial in said cause, and such was pending when the father filed his petition for a writ of *habcas corpus* in the Tarrant County Court on August 2, 1965. Under her sworn pleadings filed September 7, 1965 the mother stated that her motion for new trial in the Oklahoma case was scheduled for hearing on September 9, 1965. All reliance upon any absence of finality in the decree of the Oklahoma court was abandoned by December 1, 1965, however, for by her pleadings filed in the Texas court on said date she sought readjudication of her right of custody, under allegations of a change in circumstances and conditions. The Texas trial was conducted on the same date, and judgment followed as of December 31, 1965.

Oklahoma was the domicile of the father and mother when the parties separated. Though the mother left said state, taking the minor child with her, she later submitted to the jurisdiction of the Oklahoma court, where she sought custody under a cross-action. There has been no showing that any difference existed between Oklahoma laws and laws of Texas applicable to the circumstances under consideration. Therefore no reason appears why we should distinguish the Oklahoma judgment from one rendered by a court of competent jurisdiction in Texas. The judgment was properly authenticated, proved, and introduced into evidence. It is entitled to full faith and credit. The Oklahoma trial court had jurisdiction to determine the matter of child custody, since it had jurisdiction of the parties and of the domicile of the father, who was the natural custodian until otherwise decreed by a court of competent jurisdiction. Smith v. Ansley, 257 S.W.2d 156 (Waco Civ.App., 1953, writ ref. n.r.e.), and cases cited.

The court below could do nothing other than to view the case before it as one wherein the father held the legal custodial right, with the mother in position of a stranger who sought to oust him. There was an interval of only seven (7) days between the date of the Oklahoma adjudication upon the issue of custody, and the date the father filed his petition for writ of *habeas corpus.* Neither within that interval, nor within the interval between the date of the Oklahoma judgment and the date of the trial in Texas had any change occurred. No greater interval of time may be viewed or considered. The facts shown in the record do not make the exceptional case which is prerequisite to an exercise of jurisdiction by the courts of Texas to the extent of a new and independent determination of child custody rights. On near analogous facts such was the holding of the Supreme Court of Texas in Bukovich v. Bukovich, 399 S.W.2d 528, 1966 (Tex. Sup.). The decision in such case controls that before us.

Judgment of the trial court is reversed and judgment is here rendered that custody of Sharon Buhrman be awarded to and vested in Calvin W. Buhrman in accordance with the decree of the District Court in and for Washington County, State of Oklahoma, dated and filed July 26, 1965, in cause No. D–6008, entitled Calvin W. Buhrman v. Edith Buhrman. It is further ordered that the Judge of the Court of Domestic Relations, No. 1, of Tarrant County, Texas, issue a warrant to the Sheriff of Tarrant County, Texas, to take and bring said child, Sharon Buhrman, should she be found within the state, before said Judge to be placed by order in the custody of Calvin W. Buhrman, the petitioner for writ of *habeas corpus.*