Charles E. REINHART, Jr., Appellant,

v.

Gloria MANCUSO, Appellee.

No. 17060.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 31, 1969.

Rehearing Denied Dec. 5, 1969.

Davis, Callaway & Marshall, and Dawson H. Davis, Fort Worth, for appellant.

Al Clyde, Fort Worth, for appellee.

OPINION

RENFRO, Justice.

The appellant Reinhart appealed from an adverse judgment in a child custody case.

Appellee did not file a brief and did not appear for oral argument. We may accept as correct, therefore, any statement made by appellant in his original brief as to the facts or the record. Rule 419, Texas Rules of Civil Procedure; Washington v. Clements, 399 S.W.2d 890 (Tex.Civ.App., 1966, no writ hist.).

The nature and result of the case as stated, in part, by appellant reveals: the child in question was born out of wedlock on May 22, 1965, in California while appellant and appellee were living together. They continued to live together, at least part time, until a date just prior to May 9, 1966, on which date appellee married one Mancuso. Appellant then instituted suit in California to adjudicate the paternity and the custody of the child. Although served with process, appellee, with Mancuso and the child, fled the state. Judgment was entered October 6, 1967, in the California suit declaring appellant to be the child's father and awarding custody of the child to him.

On November 18, 1968, (the child having been placed in the custody of Lynn Ross, Chief Juvenile Officer of Tarrant County just prior to said date) appellee instituted habeas corpus proceeding to obtain the child from Ross. Through appropriate pleadings appellant was brought into the proceedings and the hearing became a full custody suit. After appellee precipitately left California, appellant searched for fifteen months and spent several thousand dollars before finding appellee and the child in Tarrant County, Texas.

At the completion of the custody hearing, the Judge of the Domestic Relations Court recognized that the California judgment was entitled to and should be accorded full faith and credit, but awarded custody of the child to appellee because, as stated in the judgment: " * * * it would be to the best interest and welfare of said child if her care, custody and control were awarded to Petitioner" (appellee), and in Findings of Fact and Conclusions of Law found that as a matter of law there had been a material change of conditions since the rendition of the California judgment.

Appellant's appeal is based on grounds the court erred (1) in refusing to give full faith and credit to the California judgment, (2) in finding a change in conditions and circumstances since the California judgment, (3) in making certain findings favorable to appellee and refusing to find certain facts favorable to appellant.

■ The California judgment was and is entitled to full faith and credit by the Texas courts. Harris v. Harris, 403 S.W. 2d 445 (Tex.Civ.App., 1966, ref. n. r. e.).

■ The California judgment at the time it was entered was res adjudicata of the question of the child's best interest and of the custody of the child. So it cannot now be questioned that at that time it was to the best interest of the child for its custody to be awarded to appellant. That being true, a subsequent change of custody from appellant to appellee could only be properly allowed upon a showing by appellee that the change would be a positive improvement for the child. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (1955); Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup., 1963).

In a situation quite similar to the instant case the Supreme Court held: " ' * * * when a court of competent jurisdiction, in a proceeding in which the mother was present and represented by counsel in a full and fair hearing, has found and rendered judgment that she has so conducted or misconducted herself as to positively disqualify herself to have such custody, the judgment is res judicata and extinguishes her right and privilege. The burden of proof is on her in a subsequent proceeding to show material changes that require, in the interest of the children, that their custody be changed.' * * * A showing of only slight change of conditions is not sufficient grounds to change custody of children." Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962). See also Bukovich v. Bukovich, 399 S.W.2d 528 (Tex.Sup., 1966); Buhrman v. Buhrman, 407 S.W.2d 353 (Tex.Civ.App., 1966, no writ hist.); Knowles v. Grimes, 437 S.W.2d 816 (Tex. Sup., 1969).

■ The record in this case shows no change in appellant's circumstances since the entry of the California judgment.

There is considerable evidence of appellee's present circumstances, but we find little or no evidence that her present circumstances are materially different from what they were at the time of the entry of the California judgment. Indeed, some of her "conditions" have, by her own testimony, worsened.

Appellee was married to Mancuso at the time of the California judgment and is still married to him. No change then had taken place as to her marital status. Appellee's four children by a former husband are still in custody of the former husband. There has been little, if any, change for the better in her housing situation. Although she has health problems, she finds it necessary to work as a waitress. None of the above show such material change in her circumstances as would require change of custody from appellant to her.

We hold that appellee failed as a matter of law to show material changes requiring, in the interest of the child, that its custody be changed.

Appellee did not overcome the bar of res judicata of the California judgment. Knowles v. Grimes, supra.

The judgment of the trial court is reversed and judgment here rendered that appellant exercise his right of custody according to the terms of the California judgment.

Reversed and rendered.