**Donald Wayne MITCHELL, Appellant,**

v.

**Gloria Jean (Mitchell) DILLARD, Appellee.**

**No. 17250.**

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 15, 1971.

Robert O'Donnell, Dallas, for appellant.

Lindley D. Eakman, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

As resolved immediately prior to its trial the case was one where appellee, Gloria Jean (Mitchell) Dillard, sought to obtain a decree depriving appellant, Donald Wayne Mitchell, of custody of the parties' minor child, previously decreed pursuant to the parents' divorce, and to obtain for herself sole custody in his stead.

Upon the conclusion of the trial the decree of the court was in a form which under applicable tests made of it a final and appealable judgment in that it granted permanent custodial rights over the parties' minor child to the Tarrant County Proba-

tion Department, with direction that physical or *de facto* custody of the child be delivered to appellee.

The jurisdiction of the court under Texas laws relative to dependent and/or neglected children, etc., was never invoked. Of course, under plenary powers of the court it might have entered a temporary order pending some further hearing in the protection of the child. But the court's decree was not of such character.

In view of the pleadings and procedure the trial court did not have the jurisdictional authority to deprive either parent of the custody of their minor child by a final judgment. In particular did the trial court err in depriving appellant of his custodial right.

Considered as a new judgment which, because of material change of conditions, took from one parent the existent custodial right pursuant to a prior judgment, and transferred it to the other (which we believe was not the actual case) there was no sufficient evidence in support. We consider the question in that the *de facto* custody of the parties' minor child was directed to be in the appellee with the *de jure* custody in the Tarrant County Probation Department.

The latest Supreme Court statement on the law is to be found in Knowles v. Grimes, 437 S.W.2d 816 (Tex.Sup., 1969), citing the principal authorities, and adding: "As a matter of public policy, there should be a high degree of stability in the home and surroundings of a young child, and, in the absence of materially changed conditions, the disturbing influence of re-litigation should be discouraged."

One of the authorities therein cited was Short v. Short, 163 Tex. 287, 354 S.W.2d 933, wherein the court referred to Leonard v. Leonard, 218 S.W.2d 296 (San Antonio, Tex.Civ.App., 1949, no writ hist.), on the question of whether there had been an abuse of discretion by the court in a change of custody decree. In the Leonard case Chief Justice Murray wrote as follows (p. 300): "It is also the law in this State that such a judgment (one awarding custody of a child to one of the contesting parents to divorce) may be set aside and modified or changed where changed conditions of a material nature arise subsequent to the rendition of the divorce decree, requiring that in the best interest of the minor such custody be changed. However, such changed custody must be based upon changed conditions of a material nature arising subsequent to the divorce case and unless such changed conditions are shown the provisions of the divorce decree are final and res adjudicata and cannot be changed."

A case such as this, where the parent who was granted custody pursuant to court decree and before having been afforded time to establish a pattern of life for his child has it taken from him by the other parent, perhaps with a period of time intervening during which the child is secreted from the rightful custodian, followed by suit to change the legal custody from one parent to the other, rarely presents the exceptional case requisite for any proper new and independent determination. Bukovich v. Bukovich, 399 S.W.2d 528 (Tex.Sup., 1966); Buhrman v. Buhrman, 407 S.W.2d 353 (Fort Worth, Tex.Civ.App., 1966, no writ hist.). The instant case is not of such exceptional nature.

Judgment is reversed. Judgment is rendered restoring custody of the parties' minor child, Vikki Lynn Mitchell, to the appellant, Donald Wayne Mitchell.