STATE of Texas, Appellant,

v.

**LIQUIDATING TRUSTEES OF REPUBLIC PETROLEUM COMPANY et al., Appellees.**

No. 5256.

Court of Civil Appeals of Texas, Waco.

July 12, 1973.

Rehearing Denied Aug. 2, 1973.

John L. Hill, Atty. Gen., Roland Allen, Asst. Atty. Gen., Austin, for appellant.

Kilgore & Kilgore, James A. Kilgore, Dallas, for appellees.

OPINION

JAMES, Justice.

This is an escheat case. The State of Texas, Appellant herein, acting by and through its Attorney-General, and upon the relation of the State Treasurer, brought this suit against the Liquidating Trustees of Republic Petroleum Company under the provisions of Articles 3272 and 3272a of Vernon's Annotated Texas Civil Statutes. Republic Petroleum Company had been a corporation organized under the laws of the State of New Mexico, and had been dissolved under the laws of the State of New Mexico in 1949. At the time this suit was filed, the surviving liquidating trustees resided in the State of Texas and were the holders of $19,200.73 cash located in an account with Republic National Bank in Dallas, Texas, which cash represented unpaid liquidating dividends owing to stockholders of Republic Petroleum Company. Attached to Plaintiff's Original Petition was an alphabetized list of about 208 stockholders of Republic Petroleum Company, together with the last known address of each, to whom liquidating dividends in the total amount of $19,200.73 were owing by the Defendant-Appellees the Liquidating Trustees. This list was based upon a report which Article 3272a required the Liquidating Trustees to file with the State Treasurer, and which report they did so file.

The State of Texas filed this suit against Defendant-Appellees for the recovery of this $19,200.73 unpaid liquidating dividends alleging it to be abandoned prop-

erty subject to escheat. The Defendant-Appellees admit that the money does not belong to themselves but rightfully belongs to the named stockholders, only one of which resided in the State of Texas at the time of trial, and the balance of which lived in various other states and foreign countries. (Only six stockholders had last known addresses in foreign countries, and the rest were in the United States). The one stockholder who was a resident of the State of Texas was shown to be one W. H. Foster, whose last-known address was Corpus Christi, Texas, and to whom was owed $114.40.

Defendant-Appellees filed a special exception and defensive pleadings in which they contended that the State of Texas had no right or authority to escheat any of the funds in question except the $114.40 owing to the Texas resident. In other words, that since all the other stockholders (except W. H. Foster) had last known addresses outside the State of Texas, that the State of Texas had no right to escheat the funds owing to them.

Trial was to the court without a jury. The trial court's judgment held that the State of Texas was permitted to recover as abandoned property subject to escheat under Article 3272a, only the sum of $114.40, the amount owing to the Texas resident, and said judgment denied the State of Texas recovery of any other funds.

Appellant, the State of Texas, comes to this court on one point of error, namely, that the trial court erred in holding that only the funds held by the Trustees with the last known address on their books within the State of Texas were subject to escheat, without evidence being shown on the escheat laws of the other states in which the last known addresses were shown. The State's argument is in effect this: The money involved is located in the State of Texas; the State pleaded and proved a prima facie case showing the funds to be abandoned property subject to escheat, and therefore the State was entitled to judgment for escheat of all the funds; that it became the duty of the Trustees to offer proof which would entitle them (Trustees) to defeat the escheat claim of the State; that the Trustees having failed to offer such proof, the State is entitled to judgment. The argument goes on to cite Sections 4(c) [1] and 6(a) [2] of Article 3272a and says Article 3272a is a "custodial statute pertaining to personal property;" that the Trustees will be relieved of all liability from and protected against any future claims that might be made by other states; and if the State of Texas gets judgment for the money, that other states thereafter making claims may make it against the State of Texas instead of the Trustees.

We overrule these contentions and affirm the trial court's judgment.

These contentions of the State of Texas have been foreclosed by two decisions of the United States Supreme Court as follows: Western Union Telegraph Company v. Commonwealth of Pennsylvania (1961) 368 U.S. 71, 82 S.Ct. 199, 7 L.Ed.2d 139, and State of Texas v. State of New Jersey (1965) 379 U.S. 674, 85 S.Ct. 626, 13 L.Ed.2d 596.

---

1. "4(c) Upon the payment or delivery of abandoned property to the State Treasurer, the State shall assume custody and shall be responsible for the safekeeping thereof. Any person who pays or delivers abandoned property to the State Treasurer under this Article is relieved of all liability to the extent of the value of the property so paid or delivered for any claim which then exists or which thereafter may arise or be made in respect to the property."

2. "Sec. 6(a) Any person claiming an interest in any property paid or delivered to the State Treasurer which has been presumed abandoned and escheated to the State under the provisions of this Article may file a claim to such property with the State Treasurer, which claim shall be filed on forms and through procedures prescribed by the State Treasurer. . . ."

In *Western Union,* a state court in Pennsylvania awarded a judgment in escheat in favor of the Commonwealth of Pennsylvania against Western Union for money in the possession of Western Union (located inside the State of Pennsylvania) which represented undelivered money orders (and unclaimed refunds therefor) which had been purchased by customers from Western Union in Pennsylvania. Many of these money orders bought in Pennsylvania had been designed to be sent or delivered to parties with addresses in other states. This judgment was affirmed by the Supreme Court of Pennsylvania. The United States Supreme Court reversed this judgment of the state court, saying that Western Union was denied due process of law by this state court escheat judgment, as the state court had no power to protect Western Union from rival escheat claims of other states. In other words, the Pennsylvania state court had no power at all to render a judgment of escheat which would bar any other state from escheating the same property. The opinion went on to say that Western Union was not protected by the Pennsylvania judgment, for a state court judgment need not be given full faith and credit by other states as to parties or property not subject to the jurisdiction of the court that rendered it. The "due process" clause prevented more than one state from escheating a given item of property.

In State of Texas v. State of New Jersey, cited above, the States of Texas, New Jersey and Pennsylvania asserted (by way of original jurisdiction in the United States Supreme Court) conflicting escheat claims against money held by Sun Oil Company. This money was in Sun's hands resulting from failure of Sun's creditors to claim or cash checks, and had accumulated over a period of seven to forty years. The names and last known addresses of these creditors were evidenced on the books of Sun's two Texas offices. Some last known addresses were in the State of Texas, some were not. Each state claimed the right to escheat the funds from Sun, each asserting a different theory of recovery from the others. The United States Supreme Court, after having given consideration to these various theories, held that each item of property in question was subject to escheat *only by the State of the last known address of the creditor, as shown by the debtor's* (Sun's) *books and records.* (emphasis supplied).

This "last known address" rule as laid down by the United States Supreme Court in Texas v. New Jersey, cited above, was applied in the Texas case of Central Power & Light Company v. State of Texas (Corpus Christi, Tex.Civ.App.1966) 410 S. W.2d 18, error refused NRE, certiorari denied by the United States Supreme Court in 389 U.S. 933, 88 S.Ct. 297, 19 L.Ed.2d 286.

The opinion in Texas v. New Jersey went on to hold that in cases where there is no record of any last known address at all, or where the last known address is in a State which does not provide for escheat of the property in question, that the State of the corporate domicile may escheat the property. In either of these last-named situations, another State could later escheat from the State of corporate domicile (in this case, Texas) upon proof that the last known address of the creditor was within its borders.

■ In the case at bar, the State of Texas contends that it was incumbent upon Appellees to offer proof that the laws of the sister states (wherein were located the last known addresses of any of the stockholders) had provisions for escheat of the funds in question, in order to defeat the State of Texas's right to escheat. We overrule this contention. In the trial court neither side invoked Rule 184a, Texas Rules of Civil Procedure, nor made any pleading or proof of any law of any other State. In this state of the record, the trial court was obliged to indulge the presumption that the law of all the other states in question is the same as the law in Texas.

**530**

Ogletree v. Crates (Tex.Sup.Ct.1963) 363 S.W.2d 431. Also see Gunther v. Gunther (Houston, 14th Tex.Civ.App.1972) 478 S.W.2d 821, error refused NRE; McCormick and Ray, Texas Law of Evidence, Volume 1, section 99, p. 131.

In the case at bar, by applying the rules laid down in *Western Union* and in Texas v. New Jersey, we hold that the State of Texas had no right to escheat any of the funds in question except that owing to the creditor, W. H. Foster, whose last known address was within the State of Texas, according to the books and records of Appellee-Defendants.

Judgment of the trial court is accordingly affirmed.

Affirmed.