**James Leland RADTKE, Appellant,**

v.

**Martha B. RADTKE, Appellee.**

**No. 1130.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 9, 1975.

Beaumont Martin, Houston, for appellant.

John E. Segelquist, Houston, for appellee.

CURTISS BROWN, Justice.

This is an appeal from an order denying a motion to modify in a suit affecting the parent-child relationship. James Leland Radtke (Radtke or appellant) filed suit in the Court of Domestic Relations seeking to be named as the managing conservator of Renee Radtke, the eldest child of his marriage to Martha B. Radtke, now Mrs. Martha Rogers (Rogers or appellee), under Tex.Family Code Ann. § 14.08 (1975).
The trial court, after a hearing, denied the motion and Radtke appealed. We affirm.

Radtke and Rogers were married for thirteen years and produced two children of the marriage, Renee Radtke and Ross Harvey Radtke. Rogers filed for divorce in 1970. The parties were able to reach an amicable settlement as to marital property, child custody and support. This agreement was incorporated into the divorce decree of December 29, 1970. As part of this agreement, the parties agreed that each child had the right, upon attaining the age of twelve and one-half years, to choose the parent with whom it desired to live. It was agreed that this election was to be binding and conclusive on both parties and that both parties would abide by such election. It was further agreed that this choice was to constitute a general change of conditions authorizing a court upon the agreed motion of the parties to change the legal custody, if necessary, of the minor child so electing.

Both parties have remarried subsequent to the divorce. Renee Radtke, who has attained the age set forth in the agreement, has elected to live with her father. The question presented here is the effect of such an agreement and election upon the trial court in this matter. The court filed findings of fact and conclusions of law as follows:

## FINDINGS OF FACT

1. Movant and Respondent entered into a written property settlement agreement containing provisions for conservatorship and support of the children of the parties on December 17, 1970.

2. This Court incorporated said agreement into its decree signed and entered in Cause No. 846,084 on December 29, 1970.

3. Said property settlement agreement contained the following provision, to-wit:

At the age of 12½ years, said minor children shall have the right to decide with which party, either Mr. Radtke or Mrs. Radtke, with whom they wish to permanently reside. Their choice shall be binding and conclusive on both parties, and both parties agree to abide by said decision and further agree that such decision constitutes a general change of conditions authorizing and allowing the Court upon the Agreed Motion of both parties to change the legal status, if necessary, of the legal custody of said minor children.

4. Renee Radtke, one of the two minor children of the parties, attained the age of 12½ years on July 16, 1974, and on August 7, 1974, elected by a written statement filed herein to reside with her father and the Court takes into consideration the statement and election of said minor child.

5. On the 26th day of August, 1974, the Court heard and considered all evidence presented by both Movant and Respondent on the issue of the reason that said minor, Renee Radtke, presented concerning her choice of managing conservator.

6. On the 26th day of August, 1974, the Court heard and considered all evidence presented by both Movant and Respondent relating to the change of circumstances since the entry of the divorce decree.

7. The Court finds as a fact that the best interest of the minor child, Renee

Radtke, will be served by remaining in the custody of her mother.

8. That the mother of Renee Radtke is a fit and proper person to have the care, custody and control of said minor child and to be named managing conservator of said child.

9. The Court finds that there has not been such a change of conditions since the entry of the Judgment of December 29, 1970, as would require custody of said child to be changed to her father.

10. The Court finds that the circumstances of the child, Renee Radtke, have not materially and substantially changed since the entry of Judgment of December 29, 1970.

## CONCLUSIONS OF LAW

1. The Court is not bound by the agreement of the parties and the choice by the child that her father to be named her managing conservator.

2. The circumstances of the minor child, Renee Radtke, have not materially and substantially changed since the entry of the Judgment of December 29, 1970.

3. That the best interest of said minor child would be served if her mother be named her managing conservator.

Appellant argues first that the trial court abused its discretion by ignoring the agreement of the parties, there being no circumstances militating against it other than the reluctance of the mother to acquiesce in it. Second, he contends that the trial court erred in finding no material change in conditions as the agreement specified that the child's election constitutes a change of conditions. Under § 14.-06 of the Family Code, these agreements, where approved by the court and incorporated into a final decree, may be enforced by all remedies available for enforcement of a judgment, including contempt, but are not enforceable as contract terms unless the agreement so provides. Appellant's third point argues that under this provision enforcement of the decree may only be prevented by a finding that enforcement would somehow harm the child.

■ In a suit to modify custody brought under the Texas Family Code, it is the best interests of the child which is the primary consideration. The burden of showing a change of conditions affecting the welfare of the child is the burden to show that the interests would be best served by a change of custody. *See* Bukovich v. Bukovich, 399 S.W.2d 528 (Tex. Sup.1966). Enforcement of a § 14.06 agreement, insofar as it concerns the question of support, custody and access to the child always carries with it the ultimate question of the child's best interest. Tex. Family Code Ann. § 14.07 (1975). Normally, there will be no conflict between findings of material changes in conditions and the best interests of a child. However, where a conflict exists, it is the latter question which governs. The parties' stipulation in an agreement that a child's election will constitute a material change in conditions is, therefore, not binding upon the court. It is the duty and responsibility of the court to determine whether the agreement sought to be enforced will serve the best interests of the child.

■ In the case at bar, the trial court determined that the best interests of the child would be served by remaining with the mother and we cannot say that this was an abuse of discretion. We can understand the love and affection that both parents feel for these children. The record reflects that both sets of parents are truly concerned with the proper upbringing of the children. This proceeding does not mean that the losing party is unworthy as a person or parent. It means, rather, that the trial court has determined that the best interests of the child would be better served by continuing to live with the mother and step-father and that in so doing he has not abused his discretion.

Affirmed.