Royce Glenn THOMPSON, Appellant,

v.

Donald Gaines UZZELL et ux., Appellees.

No. 940.

Court of Civil Appeals of Texas, Tyler.

Aug. 26, 1976.

James E. Coate, Kelly & Coate, Garth E. Wood, Alvin, for appellant.

John L. Pratt, Odessa, for appellees.

DUNAGAN, Chief Justice.

This is a child custody case. The appeal is from a judgment of the Court of Domestic Relations of Brazoria County, naming and making Catherine Evelyn Uzzell the managing conservator of Royce Glenn Thompson, Jr.

The record discloses that the bonds of matrimony of Royce Glenn Thompson, the appellant, and Catherine Evelyn Thompson were dissolved by judgment of divorce on March 20, 1973, in the Court of Domestic Relations of Brazoria County, Texas. The judgment awarded the custody of Royce Glenn Thompson, Jr., born October 16, 1969, to the father. The appellees in their original petition quote from this judgment as follows: ". . . the parties having agreed and the Court having found that both parties are fit and proper persons to have the custody of the minor child of the marriage, but it appearing that the best interest of the child at the present time requires that the custody of said child be awarded to respondent (Royce Glenn Thompson) . . . .'"

Some two years thereafter the appellees, Donald Gaines Uzzell and wife, Catherine Evelyn Uzzell, mother of Glenn Thompson, Jr., filed their original petition in the 70th District Court of Ector County, among other things seeking the managing and possessory conservatorship of Royce Glenn Thompson, Jr.

By written order of said court the cause of action was transferred to Brazoria County. Subsequent to the transfer the appellees filed their first amended motion to modify the judgment of March 20, 1973, seeking to have the appellees appointed managing conservators of the child because a substantial and material change of circumstances had occurred since the judgment of March 20, 1973, and because the best interest of the child would be served by such change.

This cause of action was submitted to a jury on three special issues,[1] all of which were answered favorably to appellees. Based upon the jury findings the court entered judgment for the appellees. It is from this judgment that appellant appeals.

1. "SPECIAL ISSUE NO. 1: Do you find from a preponderance of the evidence that the circumstances of the child, Royce Glenn Thompson, Jr., have materially and substantially changed since the entry of the order of March 30, 1973?

"Answer: 'We do' or 'We do not.'

"ANSWER: We do.

"SPECIAL ISSUE NO. 2: Do you find from a preponderance of the evidence that such change, if any, adversely affects the welfare and best interest of the child, Royce Glenn Thompson, Jr.:

"Answer 'We do' or 'We do not.'

"ANSWER: We do.

"SPECIAL ISSUE NO. 3: Do you find from a preponderance of the evidence that the best interest and welfare of the child, Royce Glenn Thompson, Jr., require a change of custody to his mother, Catherine Evelyn Uzzell?

"Answer 'We do' or 'We do not.'

"ANSWER: We do."

Appellant, by his six (6) points of error, attacks each of the findings of the jury on the grounds that there is no evidence or insufficient evidence to support said findings. Thus, the sole question presented for review is whether or not there was sufficient evidence of probative force to support the verdict of the jury. We think there was.

In determining the "no evidence" point we are required to view the record in the light most favorable in support of the jury verdict, to disregard all evidence adverse to the findings of the jury and consider only the evidence favorable to such findings, indulging every legitimate conclusion which tends to uphold the same. On the other hand, appellant's alternative point requires this court to consider all the evidence in the record, including that which is contrary to the verdict. *Fisher Construction Co. v. Riggs,* 160 Tex. 23, 325 S.W.2d 126 (1959); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Tex.L.Rev. 361.

"In a suit to modify custody brought under the Texas Family Code, it is the best interests of the child which is the primary consideration." *Radtke v. Radtke,* 521 S.W.2d 749, 751 (Tex.Civ.App.—Houston, 14th Dist., 1975, n. w. h.); Sec. 14.07, Tex. Family Code Ann. Even where a conflict exists, in a suit to modify custody, with regard to findings of material changes in conditions and best interest of the child, the best interest of the child governs. *Radtke v. Radtke,* supra. Under Sec. 14.08(c), Tex. Family Code Ann., first, the parent moving to obtain custody (the mother in this case) has the burden to prove that since rendition of the last final judgment in the case between the same parties changes have occurred in the circumstances of the child or parent which are so material and substantial that retention of the current managing conservator would be injurious to the welfare of the child. Second, the movant must establish that the appointment of the new managing conservator would be a positive improvement for the child. Each of these requirements must be proved by a preponderance of the evidence. *Davis v. Duke,* 537 S.W.2d 519, 521 (Tex.Civ.App.—Austin 1976, n. w. h.); *In re Y,* 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Wilkinson v. Evans,* 515 S.W.2d 734 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.).

With these basic rules in mind we view the pertinent evidence.

At the time of the divorce the father was living with his mother who was a good person and kept a clean house and who assisted the father in caring for the child. Since the divorce the father, appellant, has moved from his mother's home and she no longer assists in caring for the child. There is evidence that the father, while the managing conservator of the child, lived with a woman with whom he had sexual relations, who is referred to as a babysitter, even though there was no baby with whom to sit. The father took the child into bars with him. He testified if he took a notion to go into a bar and had the child with him he would take him again. The child was frequently left with babysitters. The father is now married to his third wife who has two children. She worked in bars and beer establishments. She has never had employment in any other kind of work. The evidence showed that prior to the hearing on the motion to change custody she had quit working as a bar maid. She had also taken her children into bars but said she doesn't anymore. However, she approved of taking them into bars. As a matter of fact the father and his present wife met in a bar. They lived together before they were married while the child here in question was living with them.

At the time of the divorce the mother, Catherine Thompson Uzzell, one of the appellees, was working as a hairdresser and she was not making much money. There is evidence in the record that at the time of the divorce the mother was taking treatment for nervous disorders; that due to her emotional condition she felt at that time that she was not able or equipped to take care of the child. She is not having that trouble now. Since the divorce Mrs. Uzzell,

the appellee, has married and her husband is a senior products engineer. There is evidence that he loves the child; that he drinks some but not excessively; and that he and Mrs. Uzzell have established a nice home in Odessa, Texas. The mother of the child is now financially able to take care of the child. There is testimony in the record that Don Uzzell, the present husband of the mother of the child, is a good father and that he is good to the child. There is also testimony that Mrs. Uzzell, mother of the child, is a good mother. The only blemish on the conduct of the mother of the child is that she had an affair with Mr. Uzzell before their marriage while waiting for his divorce to become final.

Appellant, Royce Thompson, argues that he was called to the witness stand as a witness by the appellees but was not called under the adverse witness rule and therefore, appellees are bound by his testimony. This contention is without merit. Mr. Thompson is a party to this suit. It was not therefore necessary for appellees to inform the court that they were calling Thompson under the adverse party rule to avoid being bound by his testimony. Rule 182, T.R.C.P.; *Pioneer Finance & Thrift Corp. v. Adams,* 426 S.W.2d 317, 321 (Tex. Civ.App.—Eastland 1968, writ ref'd n. r. e.) and *Appell Petroleum Corp. v. G. W. Townsend Lease Service,* 375 S.W.2d 547 (Tex. Civ.App.—Corpus Christi 1964, n. w. h.). Since Thompson is a party to the suit and was called to testify by the opposite party, he became an adverse witness by virtue of Rule 182, T.R.C.P.

Rule 182, T.R.C.P., expressly provides that an adverse witness may be examined by the party calling the witness, that said party should not be bound by such testimony, and shall have the right to impeach such witness and the testimony of such witness.

Changed conditions and the welfare of a child or children are questions of fact for the jury, and a jury's findings are binding on the trial court and the appellate court if supported by evidence of probative value. *Kirchner v. Van Skike,* 410 S.W.2d 467, 468–69 (Tex.Civ.App.—Tyler 1966, n. w. h.). In passing on the existence of probative evidence the reviewing court must accept those inferences favorable to the appellees which their evidence will reasonably support. *Farris v. Farris,* 404 S.W.2d 638, 639 (Tex.Civ.App.—Amarillo 1966, n. w. h.). The fact that there may be evidence to the contrary is immaterial. *Biggers v. Continental Bus System,* 157 Tex. 351, 303 S.W.2d 359 (1957); *Martinez v. Welcome,* 335 S.W.2d 254 (Tex.Civ.App.—San Antonio 1960, n. w. h.); *Kovsky v. McNutt,* 254 S.W.2d 571, 574 (Tex.Civ.App.—Amarillo 1952, n. w. h.).

We have considered the entire record and from the facts and circumstances therein we find sufficient evidence of probative force to support the findings of the jury and the judgment.

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.