**In the Interest of Howard Frederick GALLIHER, a minor.**

No. 7885.

Court of Civil Appeals of Texas, Beaumont.

Jan. 13, 1977.

Ronald A. Murray, Houston, for appellant.

Donald L. Boudreaux, Beaumont, for appellee.

KEITH, Justice.

The appeal is from a judgment which denied the father's petition seeking a modi-

fication of a prior decree and his appointment as managing conservator of a fourteen year old boy.

The parents of the child were divorced by decree entered on July 30, 1970, and the mother was awarded custody of the child; but, after reaching his fourteenth birthday, the child executed a written statement requesting that his father be appointed as his managing conservator. The father's petition alleged a change in conditions since the entry of the earlier decree and alleged that it would be to the best interest of the child that the father be appointed as his managing conservator. The written selection by the minor was filed with the court.

The judgment entered following a non-jury trial recites that evidence was heard and the petition of the father was denied, although he was given generous visitation privileges. Upon request, the trial court filed findings of fact and conclusions of law.

The trial court found, inter alia, that it would be disruptive to the child to move from Beaumont to Houston to live with his father; that, although the child has filed a written statement requesting that his father be appointed his managing conservator and appears to be "a reasonably mature fourteen (14) year old boy", his wishes and desires "are not controlling on the Court"; and, that petitioner "has not made adequate arrangements for the supervision and care of his minor child."

The court concluded as a matter of law that there had been no material or substantial changes in conditions since the entry of the decree which would show (a) that the

mother's continued custodial status would be injurious to the child or (b) the appointment of the father as managing conservator would be "a positive improvement for said child."

More importantly, the court concluded, as a matter of law, that it is in the best interests of the minor child that his custody be "continued in the present custodian", his mother.

▄▄▄ We quote the appellant/father's points of error in the margin, noting that each is an evidentiary point; [1] yet, we have no statement of facts in our record. Thus, we are required to follow the rule enunciated in *Lane v. Fair Stores, Inc.*, 150 Tex. 566, 243 S.W.2d 683, 685 (1951), and its progeny:

"In the absence of a statement of facts it must be presumed that sufficient evidence was introduced to support the findings of the jury and the judgment of the court."

In reviewing an appeal from a bench trial wherein the trial court has filed findings of fact and conclusions of law, we are governed by the rule of law set out in *Lane*, supra: such findings of fact have the same force and dignity as jury findings. See authorities collated in *Gandy v. Culpepper*, 528 S.W.2d 333, 335 (Tex.Civ.App., Beaumont 1975, no writ).

But, petitioner contends that under the provisions of Tex. Family Code Ann. § 14.-07(a) (1975), he was entitled to a decree naming him managing conservator because (a) the fourteen year old minor had chosen him as such in writing and (b) the trial court had not found him to be either unsui-

---

1. "POINT OF ERROR 1: The trial court erred in refusing to approve the choice of a managing conservator made by a minor child above the age of fourteen (14) when there was no evidence or finding that the parent selected was not suitable or competent to serve in that capacity.

"POINT OF ERROR 2: The trial court abused its discretion in not approving the selection of a managing conservator made by a child over fourteen (14) in a suit to change the custody of that child when there was no evidence or finding that the parent selected was not suitable or competent to serve in that capacity.

"POINT OF ERROR 3: The trial court abused its discretion in refusing to appoint PETITIONER the Managing Conservator of the child as there was sufficient evidence to conclude that the circumstances of the child had so materially and substantially changed since the entry of the Decree of July 30, 1970, that the retention of RESPONDENT would be injurious to the welfare of the child and the appointment of PETITIONER would be a positive improvement."

table or incompetent to serve in such capacity. We disagree.

Section 14.07(a) reads:

"The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child. If the child is 14 years of age or older, he may, by writing filed with the court, choose the managing conservator, subject to the approval of the court."

 The father places great reliance upon the comments of Professor Eugene L. Smith found in his excellent treatise upon the law governing parent and child relationships found in the Texas Family Code Symposium, 5 Tex.Tech.L.Rev. 267, 432 (1974), wherein Professor Smith says that the quoted section of the new ·code "changes prior law", citing *Brooks v. Brooks*, 480 S.W.2d 463, 465 (Tex.Civ.App., Eastland 1972, no writ), as an example of the prior law. *Brooks*, considering Tex. Prob.Code Ann. § 118, held that the child's preference was but one of the factors to be considered in determining the best interest of the child.

We do not take issue with Professor Smith that the Family Code provision "changes prior law", as indeed it does, for it brought into the statutory law governing the parent/child relationship the concept of consent by a child over the age of fourteen years as found in § 118 of the Probate Code. But, we hold that the child's preference is subject always to the discharge of the court's primary obligation of determining what is to the best interest of the child. If, from a consideration of the record as a whole, including the child's preference, the court should determine that it is to the best interest of the child that the court approve the designation, it will be given effect; otherwise, it may be ignored. In no event is such designation absolute or controlling.

Professor J. McKnight's comment found in 30 SW.L.J. 68, 102 (1976): "The wishes of

the child are not given controlling effect . . . ." was based upon the holding in *Radtke v. Radtke*, 521 S.W.2d 749, 751 (Tex. Civ.App., Houston [14th Dist.] 1975, no writ), which is not precisely in point in our case since the child there was only twelve and one-half years of age.[2] Nevertheless, the rationale of *Radtke* is applicable to our case: The primary consideration of the court is always the best interest of the child.

Finding no error in the proceedings, the judgment of the trial court is affirmed.

2. We note, also, the oblique reference to *In re Carrigan*, 517 S.W.2d 817 (Tex.Civ.App. Tyler 1974, no writ), with respect to an infant's selec-

tion of a guardian under Tex.Prob.Code Ann. § 118(b) (1956). [30 SW.L.J. at 102, fn. 274] *Carrigan* is relied upon by our petitioner.