**Mary Virginia Turner HANNA, Appellant,**

v.

**Charles Lynn TURNER, Appellee.**

**No. 1250.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 13, 1977.

Carl C. Chase, Chase & House, Corpus Christi, for appellant.

Dave M. Coover, Jr., Corpus Christi, for appellee.

OPINION

BISSETT, Justice.

This action was brought by Charles Lynn Turner against Mary Turner Hanna to modify the provisions of a prior divorce decree so as to expand his rights of visitation with his children. The trial court, sitting without a jury, after having heard evidence, rendered judgment which changed the visitation rights previously granted Charles Lynn Turner. Mary Turner Hanna has appealed.

The parties to this appeal were divorced by decree of the District Court of Nueces County, Texas, on January 28, 1975. Appellant was appointed "Managing Conservator" of the three minor children born to the marriage of appellee and appellant, and appellee was appointed "Possessory Conservator" of the children. Visitation rights were granted to appellee by that portion of the decree which reads:

"It is further ORDERED that the Possessory Conservator shall have visitation with the children and with the rights of such visitation limited to the following:

The Possessory Conservator shall have the rights of reasonable visitation with the children, but shall only exercise such rights in the presence of the Petitioner, Mary Virginia Turner, and some third person selected by Mary Virginia Turner, such third person not to be, however, any member of the family of George Jordan, Jr. or George Jordan, III, but may be any one else she chooses."

On July 8, 1976, appellee filed a motion styled by him as a "Motion to Modify Decree of Divorce", wherein he alleged that meaningful visitation with his minor children was being denied him by appellant; that a modification of the visitation provisions of the prior decree would be in the best interests of the children; and that it would in no way adversely affect the rights of either him or appellant. He requested that he be granted the privilege of visiting with the children away from the home of appellant at a location of his choosing on certain specified weekends, on certain Christmas and Easter holiday periods; and for the entire month of July of every year thereafter.

Appellant, in her answer, alleged that all relief sought by appellee should be denied. She further pled that due to a change of circumstances it would be in the best interests of the minor children and consistent with their emotional well-being to terminate all visitation rights of appellee with the children.

The trial court rendered judgment on April 25, 1977. The judgment recites that "there are adequate grounds upon which to grant Petitioner's prayer for relief and that the Orders heretofore entered governing the visitation rights of the Petitioner, CHARLES LYNN TURNER, should be modified". Whereupon, it was ordered by the trial court: 1) appellee shall have the right to visit the children on the first and third Sunday of each month from 1:00 p.m. to 5:00 p.m., beginning May 1, 1977, and at such other reasonable times as may be agreed upon by appellant and appellee; 2) during such visitations appellee "may remove the children from the home" of appellant; provided, however, he shall not remove them from Nueces County or from a county contiguous thereto without appellant's written consent; and 3) appellee's "right of visitation shall be absolute as to the youngest child", but as to the two older children, "such rights of visitation shall not interfere with any organized activities in which these two older children may be involved".

Appellant brings forward two points of error. First, she contends that there is no evidence to support a substantial and material change of conditions to justify the court's modification of the divorce decree. Secondly, she asserts that the evidence is factually insufficient to show such a change of conditions.

■ In an action to change the rights of a parent to visit his minor children, or to modify existing orders relating to custody of the children, the best interest of the children is always the primary consideration. Tex. Family Code Ann. § 14.07(a) (1975); *In Interest of Galliher*, 546 S.W.2d 665 (Tex.Civ.App.—Beaumont 1977, no writ); *Thompson v. Uzzell*, 541 S.W.2d 499 (Tex.Civ.App.—Tyler 1976, no writ); *Radtke v. Radtke*, 521 S.W.2d 749 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ).

If the prior order with respect to visitation rights "is unworkable and inappropriate under existing circumstances, including the behavior of the parties, no further change need be shown to justify a new visitation order". *Boney v. Boney*, 458 S.W.2d 907, 911 (Tex.Sup.1970).

■ The trial court's judgment as to what is in the best interest of a child in an action such as the one here involved will not be disturbed by an appellate court unless there is a clear abuse of discretion. *Herrera v. Herrera*, 409 S.W.2d 395 (Tex.Sup. 1966); *Tye v. Tye*, 532 S.W.2d 124 (Tex.Civ. App.—Corpus Christi 1975, no writ); *Wilkinson v. Evans*, 515 S.W.2d 734 (Tex.Civ. App.—Dallas 1974, writ ref'd n.r.e.).

In 1975, the 64th Legislature amended Tex. Family Code Ann. § 14.08. The amendment, which became effective on September 1, 1975, changed in a very substantial manner the proof required to modify or change the "visitation" portion of a decree which set out the visitation rights of a parent with respect to his or her children. Section (c) of the Code, as amended, and as in force at the time the judgment which is attacked in this appeal was rendered, reads, in part, as follows:

"(c) After a hearing, the court may modify an order or portion of a decree that:

$$* \quad * \quad * \quad * \quad * \quad *$$

(2) provides for the support of a child, sets the terms and conditions for access to or possession of a child, or prescribes the relative rights, privileges, duties, and powers of conservators if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree. . . ."

With the above statutes and rules of the cited cases in mind, we now discuss the evidence that bears on appellant's points.

■ Dr. George Kramer, Jr., a clinical psychologist, administered psychological testing and evaluation to appellee, appellant and their three children. His report of such testing was admitted into evidence. He testified as follows: Appellee is beset with emotional problems, but in spite of this, there is little likelihood that he would repeat prior attempts to take the children

from the appellant's custody without court permission; that the appellee's circumstances have changed since January 28, 1975, when the parties were divorced in that he is a more stable person; that appellee has remarried and holds a job as a painter; that appellant is a person who tends to see her problems as being inflicted upon her by outside forces; that both appellee and appellant tend to see things in absolute and neither are given to flexibility in dealing with each other or other people; that the parties' attitudes and personalities resulted in confrontation and "uproars" at almost every contact between them, which necessarily included times when the appellee sought to visit with the children in the home and in the presence of appellant or her appointee under the provisions of the divorce decree; and that the emotional strain put on the children by the situation could result in harm to the children if conditions were not alleviated. He fully explained that the "uproars" not only affected the parties themselves, but extended to the children who felt a need to side with the mother due to her constant and protective influence over them and thus the present visitation scheme was unworkable since it was merely a meeting ground for confrontation. He further testified that the effect of appellee's sporadic visitation with his children in the presence of appellant and third persons was undesirable in that it prevented the regeneration of a proper father-child relationship between appellee and the children; that increased visitation outside of the presence of appellant and a third person would benefit each of the children, as well as both parents; and that appellant's influence on the children was so great that they could not be expected to express a true opinion on visitation with their father and that they would say they did not want to see their father whether they actually did or did not.

Dr. Kramer also testified that appellee, at the time of the hearing on the motion for a change in visitation rights, was more mature than he was at the time the decree of January 28, 1975 was rendered. He concluded that appellee is now better able to establish a proper father-child relationship with the children.

Appellant testified that from the time of the rendition of the decree of divorce on January 28, 1975 until the time appellee filed his motion wherein he sought a change in his visitation rights, appellee's visits with the children were most infrequent, and that on such occasions he acted with vulgarity and allusiveness. She further stated that he attempted to contact the children outside the presence of her home; that he made numerous attempts to see or talk to the children without her permission; that he is abusive to her in the presence of the children; and that in her opinion he would abscond with the children if given the opportunity.

Appellee testified that the infrequent visitation was due to the fact that visitation periods almost always "ended up in a fight." He explained that it was very difficult to talk with the children during these periods, since he was always made to feel uncomfortable. He further testified that he was now married, had a job, and that he would obey the orders of the court with respect to visitation rights.

In unchallenged findings of fact, the trial court found that the children need a parental relationship with appellee, and that the attempts to establish this relationship are being thwarted to some degree by the restrictive visitation provisions of the divorce decree. There is ample evidence of probative value that the change in visitation rights from those prescribed in the divorce decree of January 28, 1975 is in the best interest of the children. There is no showing of any abuse of discretion by the trial court in rendering the judgment which has been appealed.

After reviewing and considering all of the evidence in the record, we hold that all of the findings of fact made by the trial judge are supported by evidence. Accordingly, both of appellant's points are overruled.

The judgment of the trial court is AFFIRMED.