**Marlene Ann Forse THIBODEAUX, Appellant,**

v.

**Floyd FORSE, Appellee.**

No. 8262.

Court of Civil Appeals of Texas, Beaumont.

Dec. 13, 1979.

Rehearing Denied Jan. 10, 1980.

---

E. B. Lord, Tom Mulvaney, Beaumont, for appellant.

Carl Parker, Port Arthur, for appellee.

DIES, Chief Justice.

Appellant, Marlene Ann Forse Thibodeaux, and appellee, Floyd Forse, were divorced in June of 1975. Appellant was named managing conservator of the seven minor children.

On October 29, 1976, after a hearing, the court ordered that appellee, father, be appointed temporary managing conservator of all the children except Patricia Forse for a period of four months, beginning October 31, 1976. The children stayed on with ap-pellee, father, and on June 22, 1976, appellant, mother, filed a motion for writ of habeas corpus.

On December 5, 1978, appellant, mother, was removed as managing conservator of six of the seven children (all but Patricia), and the father, appellee, was named as successor managing conservator.

From this order the mother has appealed on one point of error that "[t]he Court below erred in changing custody without evidence [of change] of conditions at the time of entry of the last final decree."

■ Our Supreme Court in *Ogletree v. Crates*, 363 S.W.2d 431, 434 (Tex.1963), has stated:

"A final judgment in a custody proceeding is res judicata of the best interests of a minor child as to conditions then existing. . . . To authorize a change of custody there must have been a material change of conditions since that date."

The reason for this rule is thus stated at 436:

"As a matter of public policy there should be a high degree of stability in the home and surroundings of a young child, and, in the absence of materially changed conditions, the disturbing influence of constant relitigation should be discouraged."

Judge Akin in speaking for the Dallas Court wrote:

"Absent evidence of such a change of circumstances, the court does not reach the question of what is in the best interest of the children."

*Watts v. Watts*, 563 S.W.2d 314, 315 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.). See also *Campbell v. Campbell*, 477 S.W.2d 376, 378 (Tex.Civ.App.—Amarillo 1972, no writ). See also *D. W. D. v. R. D. P.*, 571 S.W.2d 224 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n. r. e.).

We accept these principles as the law in Texas, as indeed we must.

■ Here, however, we have a unique situation which as far as our research indi-

cates has never reached a Texas appellate court. The record shows that since the original divorce between these parties, the home provided by appellant has been far from ideal. From October 31, 1976, until the order of December 5, 1978, which changed custody to the father, appellee, six of these children have been with the father under a "Temporary Order." The record shows that the children have done much better and in fact are in better circumstances than previously, and further that they (the children) wish to remain where they are. Under these circumstances, we hold that the requirement of a change in conditions has been met and overrule appellant's point of error. See *Radtke v. Radtke*, 521 S.W.2d 749, 751 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

We invoke the positive provisions of *Tex. Fam.Code Ann. § 14.07* (Vernon 1975) reading:

"(a) The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child. . . .

"(b) In determining the best interest of the child, the court shall consider the circumstances of the parents."

Although used in a different context, the language chosen by the Supreme Court in *In Interest of K*, 535 S.W.2d 168, 170–171 (Tex.1976, cert. denied, 429 U.S. 1010, 97 S.Ct. 542, 50 L.Ed.2d 620), is persuasive and helpful. The trial court found, upon substantial evidence of a probative nature that the best interest of the children would be served by their being in the custody of the father. We approve that finding.

The judgment of the trial court is affirmed.

AFFIRMED.