**David E. VILLARREAL, Appellant,**

v.

**Maria Oralia VILLARREAL, Appellee.**

**No. 13–83–333–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 28, 1984.

Bill Blackburn, Corpus Christi, for appellant.

James L. McManus, Corpus Christi, for appellee.

## OPINION

PER CURIAM.

This is a child custody case. Appellee, the mother of the three minor children who are the subject matter of this case, brought this action seeking a change of managing conservatorship of the three children. Trial was to the court which ruled in favor of the appellee and named appellee managing conservator of the three children. Appellant has brought this appeal, seeking to set aside the trial court's ruling and to be reinstated as managing conservator of the children. We reverse and render.

In March of 1982, appellee filed suit for divorce against appellant. In her Original Petition, appellee sought to be named temporary managing conservator of the parties' three minor children. However, at the hearing on appellee's request to be named temporary managing conservator, the trial court named appellant temporary managing conservator. Apparently, appellee made no further attempt to be named managing conservator of the children prior to the filing of this cause of action. The final decree of divorce reflects that appellant and appellee agreed that appellant be named managing conservator of the children. The final decree was dated Decem-

ber 21, 1982. On April 14, 1983, appellee filed this cause wherein she sought a change of managing conservatorship. Since the motion to modify was filed well within the one-year period referred to in TEX.FAM.CODE ANN. § 14.08(d) (Vernon Supp.1984), appellee's motion was accompanied by the requisite affidavit in support of the motion to modify.

The grounds for appellee's motion to modify are found in her testimony at the hearing. These grounds are:

Appellant intends to move the children to California;

Appellant has been verbally abusive to appellee in front of the children;

Appellant has left the children alone without adequate supervision;

Appellant has solicited the children to spy on appellee;

Appellant has removed the children from the community house.

In its findings of facts and conclusions of law, the trial court found that:

Appellant intended to remove the children to California permanently;

The appellant's action in removing the children to California would cause harm to the children;

Appellant engaged in a variety of activities which had caused emotional injury to the children;

Appellant had left the children alone on occasion without supervision;

Appellee had adequate parental skills;

The children's present environment with the father as managing conservator, may endanger their health and significantly impair their emotional development;

The circumstances of the children and the parent has substantially changed since the entry of the decree;

The retention of the present managing conservator would be injurious to the welfare of the children;

Appointment of appellee as managing conservator would be a positive improvement for the children.

Based on these findings and conclusions, the trial court entered judgment naming appellee managing conservator of the three children, appellant possessory conservator, ordering appellant to pay child support, and providing for visitation with the children by the appellant.

In his points of error one through fourteen, appellant attacks the factual sufficiency of the trial court's findings which serve as the basis for the trial court's judgment. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex. 1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 361 (1960).

■ There are two fundamental guidelines which we observe in reviewing child custody cases. "The paramount concern in the custody action is the welfare and best interest of the child. This is the primary standard upon which the trial court shall determine questions of managing conservatorship, possession, support of and access to the child. In determining this, the trial court shall consider all the circumstances of the parents". *Hamann v. Morentin,* 660 S.W.2d 645 (Tex.App.—Ft. Worth 1983, no writ); *See Griffith v. Griffith* 462 S.W.2d 328 (Tex.Civ.App.—Tyler 1970, no writ); TEX.FAM.CODE ANN. § 14.07(a) (Vernon Supp.1984). We also recognize that a trial court has broad discretion in a motion to modify and the court's decision will be overturned only upon a showing of abuse of discretion. *Jeffers v. Wallace* 615 S.W.2d 252 (Tex.App.—Dallas 1981, no writ); *See Davis v. Duke,* 537 S.W.2d 519 (Tex.Civ.App.—Amarillo 1976, no writ); *Davis v. Davis* 499 S.W.2d 922 (Tex.Civ. App.—Houston [14th Dist.] 1973, no writ).

The statutory authority for the trial court's judgment herein is found in TEX. FAM.CODE ANN. § 14.08(c) (Vernon

Supp.1984). Section 14.08(c) provides in part that:

"After a hearing, the court may modify and order a portion of a decree that:

1. Designates a managing conservator if:

(A) The circumstance of the child, managing conservator, possessory conservator, or another party affected by the order of the decree had materially and substantially changed since the entry of the order or decree to be modified; and

(B) The retention of the present managing conservator would be injurious of the welfare of the child; and

(C) The appointment of the new managing conservator would be a positive improvement for the child..."

In *Jones v. Cable* 626 S.W.2d 734 (Tex.1981) the Supreme Court analyzed Section 14.08(c) as follows:

"Section 14.08(c)(1) can be paraphrased into three inquiries: Before a court can modify a custody order, there (1) must be change in the circumstances of the child or parent so material and substantial that (2) retention of the present managing conservator would be injurious to the welfare of the child and (3) the appointment of a new managing conservator would be a positive improvement for the child."

The requirements of a change of circumstances are based upon the doctrine of res judicata. The previous determination of custody constitutes an adjudication of the "best interest" of the child required by TEX.FAM.CODE ANN. § 14.07(a) (Vernon Supp.1984). To avoid the affect of the former order or judgment determining custody, the party seeking the modification of conservatorship must show a material and substantial change in condition. *Knowles v. Grimes,* 437 S.W.2d 816 (Tex.1969); *Ogletree v. Crates,* 363 S.W.2d 431 (Tex. 1963). "The final judgment in a custody proceeding is res judicata of the best interest of a minor child as to the condition then existing." *Gibbs v. Greenwood,* 651 S.W.2d 377 (Tex.App.—Austin 1983, no

writ). Whether there has been a material and substantial change of conditions affecting the child is normally to be determined by an examination of the evidence of changed circumstances occurring between the date of the order or judgment sought to be modified and the date of the motion to modify. *Bukovich v. Bukovich,* 399 S.W.2d 528 (Tex.1966); *Gibbs v. Greenwood,* 651 S.W.2d 377 (Tex.App.—Austin 1983, writ ren'd n.r.e.). *See also Oglesby v. Silcott,* 620 S.W.2d 820 (Tex.App.—Tyler 1981, no writ); *Roe v. Doe,* 607 S.W.2d 602 (Tex.Civ.App.—Eastland 1980, no writ); *Armstrong v. Armstrong,* 601 S.W.2d 724 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.); *Thibodeaux v. Forse,* 592 S.W.2d 663 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.).

Reviewing the evidence in this case, we find insufficient evidence of the existence of any change of circumstances of the children or the parent to support the trial court's findings. The record indicates that none of the events testified to by appellee and her witnesses were a change from circumstances existing prior to the naming of appellant as managing conservator.

The trial court findings that the father *intended* to move to California is neither supported by the evidence nor a change in conditions. The testimony indicates appellant was considering a vacation to California and was going to look at job prospects in California while on vacation. He did not testify, nor did any other witness testify, that he intended to permanently relocate himself and the children to California. Additionally, the evidence indicates that possible relocation to California was a condition the appellee was well aware of prior to her agreement to allow appellant to be named managing conservator of the children.

While we cannot condone the obvious acrimony which existed between appellant and appellee, we find that the trial court's finding that this caused emotional damage to the children is unsupported by the record and not a change in conditions.

The record clearly indicates that for some time prior to the entry of the divorce decree, the parties were on very unpleasant terms with each other. While appellee testified that the children seemed upset by the relationship between herself and appellant, there was no real evidence that anything more than the emotional stress upon children which normally arises from this type of divorce, was being experienced by these children. It is an unfortunate by-product of our system of dissolving marriages that children are subjected to a certain amount of emotional distress. In this case, that discomfort was exacerbated by the obvious acrimony between the parents. However, we find no expert testimony that the children were suffering some emotional damage.[1] While we recognize that there is no requirement for expert testimony concerning emotional distress, we do not find sufficient evidence from any source of such a problem in this record. See *Jeffers v. Wallace*, 615 S.W.2d 252 (Tex.Civ.App.—Dallas 1981, no writ); *Matter of the Marriage of Stockett* 570 S.W.2d 151 (Tex.Civ.App.—Austin, 1978, no writ); *O. v. P.* 560 S.W.2d 122 (Tex.Civ.App.—Ft. Worth 1977, no writ); *Hanna v. Turner*, 556 S.W.2d 866 (Tex.Civ.App.—Corpus Christi 1977, no writ).

The trial court also found that appellant had left the children alone on three occasions. Again, this was not a new or changed circumstance. The uncontradicted testimony was that, prior to the final divorce decree, appellant had on three occasions left the children alone briefly to take his mother to work. This is neither a substantial or material incident, nor is it any change of circumstance of the children or the parent.

It is apparent that the legislature intended to make more stringent the standards for a change of custody when they amended the Family Code to include the current version of § 14.08. See *D.W.D. v. R.D.P.*, 571 S.W.2d 224, 226 (Tex.Civ. App.—Ft. Worth 1978, writ ref'd n.r.e.).

This strengthening was no more than a codification of common law standards. "As a matter of public policy, there should be a high degree of stability in the home and surroundings of a young child, and in the absence of materially changed conditions, the disturbing influence of relitigation should be discouraged. *Mumma v. Aquirre*, 364 S.W.2d 220 (Tex.1963); See *Ogletree v. Crates*, 363 S.W.2d 431 (Tex. 1963). Because a change of custody disrupts the child's living arrangement and the channels of the child's affections, a change should be ordered only when the trial court is convinced that the change would be a positive improvement. *Taylor v. Meek*, 154 Tex. 305, 276 S.W.2d 787 (1955); *Sutter v. Hendricks*, 575 S.W.2d 308 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.).

"Even if one could say the child would be better off with the possessory conservator, this would not cause the existing custody arrangements to injure the child. For an existing custody arrangement to become injurious to a child, there must first be a change in the circumstances of the child or custodial parent." *Jones v. Cable*, 626 S.W.2d 734 (Tex.1981). Viewing all of the evidence of the circumstances of the children and the parents, and keeping the best interest of the children in mind, we find the trial court abused its discretion in ordering a modification of the managing conservatorship of the children. Appellant's points of error number one through fourteen are sustained.

In his points of error fifteen and sixteen, appellant complains that the trial court erred in finding that the second and third elements of the Section 14.08(c) tests were not established by the evidence. While our disposition of appellant's points of error one through fourteen makes these points moot, we find insufficient evidence to support the trial court's findings as to the question of whether or not the appointment of appellee would be a positive im-

---

1. The only "professional" testimony offered by either party was that of the oldest child's teach-er, who testified that she perceived no emotional problems in the child.

**220** ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

provement for the children and that the children's "then" present environment endangered their health and significantly impaired their emotional development. Appellant's points of error fifteen and sixteen are sustained.

■ In his seventeenth point of error, appellant challenges the affidavit which accompanied appellee's motion to modify. TEX.FAM.CODE ANN § 14.08(d) (Vernon Supp.1984) requires in part that a motion to modify the managing conservator must be accompanied by an affidavit which alleges, certain supportive facts before the trial court may grant a hearing on the motion to modify. While we have found that appellee failed to prove the facts alleged in her affidavit, we find that the affidavit alleges sufficient facts to serve as a basis for the trial court's subsequent hearing. Appellant's seventeenth point of error is overruled.

■ In his final point of error, appellant complains of the trial court's action in ordering him to pay child support. There is no controversy over this point of error between the parties. Both parties agree that, if the order of the trial court were to be reversed and appellant be reinstated as managing conservator of the children, he should not have to pay child support. Having so reversed the judgment, we also sustain this point of error.

The judgment of the trial court is reversed, and judgment rendered in restoration of the status of the parties with rights and responsibilities to those provided by the trial court's judgment dated December 21, 1982, including the immediate right by appellant to possession of the children.